16349

RALEY v. DARLING SHOP OF GREENVILLE, INC.

(59 S. E. (2d) 148)

*Messrs. Thames & Arrowsmith* and *Mitchell D. Palles*, of Florence, *for Appellant,*

*Messrs. Royall & Wright,* of Florence, *for Respondent,*

April 28, 1950.

TAYLOR, Justice.

This appeal comes to this Court by way of the Court of Common Pleas of Florence County from an order of the Honorable G. Badger Baker, sustaining respondent's demurrer to appellant's complaint on the grounds that the facts

stated therein are not sufficient to constitute a cause of action.

Appellant alleges in her complaint that while she was in the employ of respondent she received an injury which arose out of and in the course of such employment, as a result of which she filed her claim for compensation with the South Carolina Industrial Commission; that while plaintiff was confined to the hospital as a result of said injury the agent, servant or employee of respondent visited her and demanded that she withdraw such claim from the consideration of the Industrial Commission, failing therein so to do she would be discharged from her employment; that appellant thereafter, upon being released from the hospital, presented herself to her employer for the purpose of resuming her work and, in compliance with the aforesaid threat, was discharged from such employment, and by reason thereof had suffered loss of employment, mental anguish and an invasion of her legal rights.

The demurrer interposed by the respondent challenged the complaint on the ground that it does not state facts sufficient to constitute a cause of action. This demurrer was sustained and we think properly so, as there is clearly no breach of contract alleged in the complaint; and considering it in the light of an action *ex delicto,* in that the threat and resulting dismissal from work was an invasion of the legal rights of appellant, we are confronted with the fact that although respondent's agent, servant or employee attempted by threats and actions to force appellant to withdraw her claim from further consideration by the South Carolina Industrial Commission, he failed in such attempt and that although such actions on his part might be considered reprehensible, there was no actual invasion of appellant's legal right as she continued to prosecute such claim.

Appellant, being subject to discharge by respondent at any time and respondent not having succeeded in his attempted invasion of her legal right, we are of the opinion that the

Trial Judge was correct in sustaining the demurrer and that all exceptions should be dismissed, and it is so ordered.

BAKER, C. J., and FISHBURNE, STUKES and OXNER, JJ., concur.