19568

Booker T. WATSON, Respondent, v. UNITED STATES RUBBER COMPANY, Appellant

(194 S. E. (2d) 395)

130

*Messrs. Suggs, McCutcheon & Ray,* of Conway, *for Appellant,*

*Messrs. Stevens & Holt* of Loris, *for Respondent.*

February 9, 1973.

Bussey, Justice.

In this products liability case in which, quite appropriately, the entire record is not before us, the appeal is from an order of the trial judge granting a new trial on motion of plaintiff after jury verdict for the defendant. The trial of the case commenced on the 6th day of January 1972, and consumed approximately two days. At about 2:30 P.M. on January 7, while the jury was deliberating, the trial judge notified counsel involved that, due to circumstances over which he had no control, it was necessary for him to leave immediately and return to his home. The clerk was authorized to receive and publish the verdict of the jury and was instructed by the judge that if the jury had not agreed on a verdict by 5 o'clock P.M., he should declare a mistrial and dismiss the jury. Counsel consented to, the clerk receiving any verdict and agreed that all motions in connection therewith would be considered made as of that particular date.

At approximately 3:45 P.M., in the absence of the judge, the jury foreman knocked on the door and stated that the jury would like some further information "about what happened to the can or some information from a deposition of the plaintiff." The foreman was advised by the bailiff that the judge was gone. Following the request by the foreman, counsel for plaintiff requested counsel for defendant to agree that the clerk be instructed to declare a mistrial, but counsel for defendant would not agree, stating that he would prefer that the jury continue its deliberations. Then, to quote from the statement of the case:

"By agreement of counsel for plaintiff and defendant, the court reporter informed the foreman that the requested information could not be furnished to them and to continue their deliberation."

At 4:15 P.M., the jury returned a verdict for defendant and counsel for plaintiff then noted a motion for a new trial

on the ground that the jury had asked for additional instructions which could not be given in the absence of the judge. Such motion was later granted by the trial judge who, being familiar with all the facts of the case, concluded that the plaintiff's case was probably prejudiced by his absence due to the likelihood that the jury might have reached a different decision had the judge been there to comply with the request for further instructions or information.

We deem it well settled in this State that the granting or refusal of a motion for a new trial by reason of anything occurring during the trial of the case is addressed to the sound discretion of the trial judge, and his ruling thereabout will not be disturbed unless it be demonstrated that there was an abuse of discretion amounting to an error of law. *Shearer v. DeShon,* 240 S. C. 472, 126 S. E. (2d) 514. See numerous cases collected in West's South Carolina Digest, New Trial, Key No. 6, and particularly *Daughty v. Northwestern R. Co. of South Carolina,* 92 S. C. 361, 75 S. E. 553. See also *Bonner v. Pullman Co.,* 160 S. C. 531, 159 S. E. 382, wherein the Court said:

"The granting or refusal of the motion for [a] new trial was wholly within the discretion of the circuit judge, the grounds of the motion for [the] new trial not being founded on errors of law."

Counsel for defendant seem to be in accord with these principles of law, but argue that there was here an abuse of discretion on the part of the trial judge amounting to an error of law. Such argument is predicated on the contention that the counsel for plaintiff-respondent agreed that the court reporter should inform the jury foreman that the jurors should "continue their deliberation"; and that having so agreed and consented, counsel for plaintiff waived any right to object, or to move for a new trial based on the happenings in the absence of the trial judge. Plaintiff's counsel, to the contrary, points out that at no time did he voluntarily consent or agree to the jurors continuing their

deliberations and that he simply had no choice in view of the judge's instructions to all parties that the jury was to continue its deliberations until 5 P.M., unless it sooner reached a verdict; that he wanted and desired a mistrial but counsel for defendant would not agree thereto and there was, of course, no one with any authority to declare a mistrial in the absence of agreement by counsel for defendant.

Under the circumstances, we do not know what else, if anything, counsel for plaintiff could have done, except possibly have the court reporter make a contemporaneous record showing that he was consenting, under protest, to the continuance of deliberation by the jury solely because he had no other choice since he could not countermand the judge's order. Unfortunately, the record does not show precisely what was said by counsel at the time, the record containing only a very brief summary by the court reporter, written from memory after the return of the jury verdict. The burden, however, is upon the defendant-appellant to show that there was an error of law on the part of the trial judge and, under the circumstances, we are not convinced of any such error. The judgment of the lower court is, accordingly,

Affirmed.

Moss, C. J., and Lewis, Brailsford and Littlejohn, JJ., concur.