20541

Ira T. BELLAMY, Jr., Respondent, v. GENERAL MOTORS AC-
CEPTANCE CORPORATION and Alfred Anderson, Appellants.

(239 S. E. (2d) 73)

*McCaskill and Horton,* of Conway, *for Appellants,*

*Robert N. Richardson, Jr., and J. Reuben Long,* of Con-
way, *for Respondent,*

November 16, 1977.

GREGORY, Justice:

This appeal is from a verdict and award of damages in favor of respondent for emotional distress and resulting physical illness. At issue is the lower court's refusal to grant appellants' motions for directed verdict, involuntary nonsuit, and judgment non obstante veredicto. We affirm.

In considering whether the lower court was correct in denying appellants' motions we must review all the evidence and all inferences reasonably deducible therefrom in the light most favorable to respondent. *Mahaffey v. Ahl*, 264 S. C. 241, 214 S. E. (2d) 119 (1975). Our task is to determine whether there was sufficient evidence to warrant the submission of the case to the jury.

The events that gave rise to this action took place in respondent's home on September 4, 1974. Immediately prior to this time respondent suffered a severe heart ailment and was hospitalized from August 19, 1974 to August 27, 1974. On the morning of September 4 he was at home recuperating from his illness and had been visited by friends. As respondent's company began to leave, appellant Anderson entered the house and introduced himself as a representative of GMAC. Mr. Anderson stated that his purpose was to collect one outstanding car payment owed by Mr. Bellamy to GMAC. The validity of this debt is disputed but is not an issue on appeal.

Mr. Bellamy testified that he began to feel distressed immediately after Mr. Anderson's initial demand for payment, but he nevertheless asked Mr. Anderson to sit down so the matter could be straightened out. Mr. Bellamy felt progressively worse and informed Mr. Anderson of his heart con-

dition and his need to avoid stressful situations. After approximately five minutes Mr. Bellamy asked Mr. Anderson to leave the house and come back later. By this time Mr. Bellamy was visibly distressed and had taken medication for the pain. Mr. Anderson ignored this and one other request by Mr. Bellamy to leave, and continued to demand the disputed payment. Mrs. Bellamy then intervened and told Mr. Anderson, "You have got to go because he can't take anymore." Mr. Anderson argued briefly with Mrs. Bellamy and then left. The entire encounter lasted from fifteen to twenty minutes.

Mr. Bellamy's condition worsened after Mr. Anderson left and he was carried to the hospital that night. His personal physician admitted him to the intensive care unit of the hospital where he remained for several days.

Appellants argue that Mr. Anderson's conduuct, described by respondent as loud and abusive, was within the bounds of conduct reasonably acceptable in a creditor-debtor relationship and thus was insufficient as a matter of law to make appellants responsible for Mr. Bellamy's injuries. Although Mr. Anderson's initial demand for the disputed payment was not sufficiently outrageous to warrant submitting the case to the jury, his subsequent demands demonstrated a callous disregard for respondent's well-being.

Mr. Bellamy was recuperating in his home from heart trouble that had required his hospitalization. He was under a doctor's care and was taking medication for his condition. Mr. Anderson viewed respondent's visible distress, watched as respondent took his medication, and was told of respondent's serious condition. Mr. Anderson refused to leave the Bellamy home when requested and continued to demand the disputed payment with full knowledge of the adverse effect his conduct was having on Mr. Bellamy.

In *Rhodes v. Security Finance Corp. of Landrum,* S. C., 233 S. E. (2d) 105 (1977), we considered an appeal from

the lower court's order setting aside a verdict in favor of plaintiff-appellant in an action brought to recover damages for emotional distress allegedly caused by defendant-respondent's attempts to collect a note. Our affirmance of the lower court in *Rhodes* was based on the absence of a showing "that the attempts by respondent's agents to collect were unreasonable or abusive, nor that appellant's emotional upset was other than transient and trivial."

Here, Mr. Anderson's conduct in the Bellamy home was clearly unreasonable and abusive, and the severity of Mr. Bellamy's suffering was conceded by appellants.

Viewing the evidence and all inferences reasonably deducible therefrom in the light most favorable to respondent, Mr. Anderson's conduct was sufficiently willful, wanton and malicious to warrant submitting the case to the jury. *Turner v. ABC Jalousie Company of North Carolina*, 251 S. C. 92, 160 S. E. (2d) 528 (1968).

Although Mr. Anderson was justified in making his initial demand for payment, his refusal to leave the Bellamy home when requested and his continued demands in disregard of Mr. Bellamy's visible distress rendered his conduct tortious.

Affirmed.

LEWIS, C. J., and LITTLEJOHN, NESS and RHODES, JJ., concur.