## 21075

James A. HUDSON, Jr., Appellant, v. ZENITH ENGRAVING COMPANY, INC., Respondent.

(259 S. E. (2d) 812)

*H. Jackson Gregory* of *Holler & Gregory,* Columbia, *for Appellant.*

*John M. Spratt, Jr.* of *Spratt, McKeown & Spratt,* York, *for Respondent.*

November 5, 1979.

RHODES, Justice:

Hudson (appellant) seeks damages for mental distress on the basis of an alleged retaliatory discharge from employment

with Zenith Engraving Company (respondent) for his pursuit of workmen's compensation benefits. The lower court granted summary judgment for respondent. We affirm.

Appellant was an at-will employee with respondent in its copper roller department when he sustained an injury to his lower back on November 18, 1976. He had previously suffered a similar injury in May 1975 while on the job and had received temporary total disability compensation for that injury. As a result of his second injury to his lower back, appellant was continuously absent from work from November 19, 1976 through October 20, 1977. During this time he again received temporary total disability benefits and also sought permanent disability compensation.

On October 20, 1977 appellant was terminated from employment. Respondent gave as its reasons for such termination the fact that appellant had given no indication of any intent of returning to work or that he would be physically able to resume his job, and the fact that his job position no longer existed since the copper roller division had been discontinued. Appellant's claim for permanent disability was settled for a lump sum payment of $18,000.00, subsequent to his discharge from employment.

Although appellant contends that a right to his continued employment existed by virtue of his forbearance from seeking another job and the implied promise of respondent to place him in another position, such arguments are unavailing and his position with respondent was undeniably at will. A contract of permanent employment or for a duration of years, which is not supported by any consideration other than the obligation of service to be performed on the one hand and wages on the other, is normally terminable at the will of either party. *Gainey v. Coker's Pedigreed Seed Co.*, 227 S. C. 200, 87 S. E. (2d) 486 (1955). Since appellant was in the status of temporary total disability during the time he was supposedly abstaining from seeking another job, there was no benefit to respondent or detriment

to appellant for such alleged forbearance, and therefore no consideration. *Shayne of Miami, Inc. v. Greybow, Inc.,* 232 S. C. 161, 101 S. E. (2d) 486 (1957). Likewise, respondent's arrangement for less strenuous jobs for appellant following periods of previous disability did not create an implied promise of continued employment since such accommodations were gratuitous in nature and therefore without consideration.

The termination of employment at will by either party does not normally give rise to a cause of action for breach of contract. *Gainey v. Coker's Pedigreed Seed Co., supra.* Appellant contends, however, that his termination during the pendency of his workmen's compensation action violated public policy and constituted outrageous conduct since it was maliciously motivated. In the factually similar case of *Raley v. Darling Shop of Greenville, Inc.,* 216 S. C. 536, 59 S. E. (2d) 148 (1950), an employee at will was threatened with discharge from employment if she pursued her remedies under the Workmen's Compensation Act. Despite the threat, she sought and received such compensation, and was therefore subsequently fired. The court found neither a breach of contract, nor any tortious invasion of the employee's legal rights because she had continued to pursue her remedies under the Workmen's Compensation Act, in spite of threats. *Raley* therefore follows the general rule that an employment at will may be terminated at any time by either party for any reason or for no reason at all. *See* 62 A. L. R. (3d) 264, 271.

Courts in a minority of jurisdictions, however, have recognized in decisions made subsequent to *Raley* an exception to the general rule when there has been a violation of public policy. *See, e.g., Agis v. Howard Johnson Co.,* 371 Mass. 140, 355 N. E. (2d) 315 (1976); *Nees v. Hocks,* 272 Or. 210, 536 P. (2d) 512 (1975); *Frampton v. Central Indiana Gas Co.,* 260 Ind. 249, 297 N. E. (2d) 425 (1973); *Petermann v. International Brotherhood of Teamsters,* 174 Cal. App. (2d) 184, 344 P. (2d) 25 (1959).

However, even if this exception to the general rule were to be recognized, it would not avail appellant.

Appellant, in this instance, seeks damages for mental distress. In order to prevail in a tortious action in which the sole damages alleged are those of mental anguish, plaintiff must show that the conduct on the part of defendant was extreme and outrageous, causing distress that is of an extreme or severe nature. *Bellamy v. GMAC*, 269 S. C. 578, 239 S. E. (2d) 73 (1977); *Rhodes v. Security Finance Corp. of Landrum*, 268 S. C. 300, 233 S. E. (2d) 105 (1977); *Turner v. ABC Jalousie Co.*, 251 S. C. 92, 160 S. E. (2d) 528 (1968); Restatement of Torts (2d), § 46.

Appellant has not alleged, nor has he offered in his testimony, any verbal assault or hostile, abusive encounter with respondent's agents. Appellant contends, however, that the act of respondent in maliciously and intentionally discharging appellant in retaliation for pursuit of his workmen's compensation benefits in itself constituted outrageous conduct. This position of appellant is answered by the following quotation from the Restatement of Torts:

[i]t has not been enough that the defendant has acted with an intent which is tortious or even criminal, or that he has intended to inflict emotional distress, or even that his conduct has been characterized by "malice," or a degree of aggravation which would entitle the plaintiff to punitive damages for another tort. Liability has been found only where the conduct has been so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community.

Restatement of Torts (2d), § 46, Comment (d).

Not only has appellant failed to offer any evidence that respondent acted in an outrageous manner, he has also failed to present any evidence of the termination from employment being retaliatory in nature. Respondent has exercised only

its legal right to terminate appellant, who was an employee at will, and has not abused that right by subjecting appellant to rude or hostile treatment.

Summary judgment is not proper unless it is perfectly clear that no issue of fact is involved and inquiry into fact is not desirable to clarify application of the law. *Crescent Co. of Spartanburg, Inc. v. Ins. Co. of North America,* 266 S. C. 598, 225 S. E. (2d) 656 (1976). As it is undisputed that no agent or employee of respondent acted outrageously or in violation of contractual rights in terminating appellant, there being a total lack of evidence concerning the alleged retaliatory nature of such termination from employment, the lower court properly concluded that there was no issue of fact involved and that inquiry into the facts would not clarify application of the law.

Affirmed.

LEWIS, C. J., and LITTLEJOHN, NESS and GREGORY, JJ., concur.