Crystal Gale THURSTON, Appellant,

v.

The MACKE COMPANY, Appellee.

No. 83–1090.

United States Court of Appeals,
Fourth Circuit.

Argued July 19, 1983.

Decided Sept. 1, 1983.

Norman Lamson, Charlottesville, Va., for appellant.

Lee Lunsford, Baltimore, Md. (David S. Klein, Baltimore, Md., Gary W. Kendall, Michie, Hamlett, Donato & Lowry, Charlottesville, Va., on brief), for appellee.

Before RUSSELL, WIDENER and HALL, Circuit Judges.

PER CURIAM.

The district court held that the Virginia Workmen's Compensation Act, Va.Code § 65.1–1, et seq., does not imply a cause of action in favor of a discharged employee against his employer who has discharged that employee because of the employee's assertion of a claim under the Act. We affirm.

That same district court (Judge Williams) had previously held that such a cause of action is not implied in *Blevins v. General Electric Co.,* 491 F.Supp. 521 (W.D.Va.1980), and we give some weight to the decisions of trial judges sitting in a State and familiar with the local law and its trends. E.g., *Peacock v. Retail Credit Co.,* 429 F.2d 31 (5th Cir.1970). Although the Virginia statute was enacted in 1918, we cannot find that the implied cause of action now asserted has been prosecuted in the sixty five years of the statute's existence. The South Carolina Supreme Court in *Raley v. Darling Shop of Greenville, Inc.,* 216 S.C. 536, 59 S.E.2d 148 (1950), and the North Carolina Court of Appeals in *Dockery v. Lampart Table Company,* et al., 36 N.C.App. 293, 244 S.E.2d 272, cert. den. 295 N.C. 465, 246 S.E.2d 215 (1978), have held that such causes of action are not implied under similar statutes. *Contra, Frampton v. Central Indiana Gas Co.,* 260 Ind. 249, 297 N.E.2d 425 (Ind.1973). We also note that the Virginia General Assembly has, subsequent to *Blevins,* in 1982 created such a cause of action by statute. Va.Code § 65.1–40.1.

For the above reasons, we are of opinion the decision of the district court was correct, and affirm its judgment for the reasons expressed in its opinion as well as those given here.

AFFIRMED.