0209

SOUTHEASTERN MOBILE HOMES, INC., Appellant, v. Clair WALICKI, a/k/a Clara M. Walicki, Respondent.

(317 S. E. (2d) 773)

Court of Appeals

*Joseph G. Wright, III*, of *Wright & Trammel*, Anderson, *for appellant.*

*William Robinson*, Easley, *for respondent.*

Heard April 17, 1984.

Decided June 25, 1984.

CURETON, Judge:

Southeastern Mobile Homes, Inc. appeals a jury verdict of $5,000.00 rendered against it in this action involving its refusal to return a down payment on a mobile home. We modify the judgment and affirm.

Southeastern, a mobile home dealer, sued Walicki for damages of $1,544.00 resulting from Walicki's alleged breach of a contract to purchase a mobile home from Southeastern. Walicki counterclaimed, asserting two causes of action. Walicki's first cause of action sought the recovery of a down payment of $4,000.00 alleging "fraudulent and wilful withholding by [Southeastern] of the down payment." [1] The second

---

[1] Southeastern raised no objection that the quoted language did not allege a cause of action for fraud and deceit.

cause of action, which sought damages for alleged violations of state and federal consumer credit laws, was struck by the trial judge. Walicki has not appealed this ruling. Walicki also sought punitive damages but the claim was also struck by the trial judge without objection from Walicki.

The parties stipulated in the Transcript of Record, *inter alia:*

> 1. The Appellant and Respondent entered into a contract dated 20 August 1980 which provided for the sale and purchase of a double-wide mobile home for $21,757.84, of which amount $4,000.00 was paid as a down payment in cash.
>
> 2. Approximately two to three weeks after the contract was executed, the Respondent requested that the balance of the purchase price, $17,757.84, be financed by the Appellant which the Appellant refused to finance.
>
> 3. The Respondent refused to pay the balance in cash and demanded the return of the $4,000.00 down payment which the Appellant refused to return.
>
> 4. The Appellant filed this cause of action against the Respondent seeking damages of $5,544.00, less credit for the $4,000.00 downpayment, for a net amount of $1,544.00.
>
> 6. The Appellant sold the trailer in November, 1980, at a profit and (sic) more than the contract price with the Respondent.
>
> 7. The Appellant took a credit application from the Respondent but never attempted to secure or aid the Respondent in financing the trailer.

Southeastern's agent who handled the transaction with Walicki, testified to the following facts: The sale to Walicki was a cash sale. Walicki indicated to him that she needed to go home to New York and get the balance of the purchase price. She agreed that if she did not pay that balance within sixty days that she would pay him $320.00 per month until the deal was closed. About two to three weeks later, Walicki called him from New York and advised him that she could not obtain the balance of the purchase price and requested financing. He told her he would see what he could do and, upon discussing financing with the president of Southeastern, he advised her that the company could not participate in financing the sale

because of the additional expenses that would accrue to Southeastern.

On the other hand, Walicki testified that the purchase of the mobile home was conditioned upon the sale of her New York residence. It was understood that if she could not sell her house in New York, she would have to obtain financing, which Southeastern agreed to assist her in finding. When she was unable to obtain the balance of the purchase price, Southeastern refused to assist her in finding financing, claiming she was "too old."

The trial judge charged the jury that if Walicki was entitled to recover, "[T]hen I charge you that she would be entitled to recover [only] the $4,000.00 down payment which she made." Walicki did not object to the charge, nor has she alleged on appeal that the charges were erroneous. The jury returned a general verdict of $5,000.00.

Southeastern made the usual motions for a directed verdict, a judgment notwithstanding the verdict or, alternatively, a new trial. All motions were denied. Southeastern appeals the denial of its motions. Southeastern claims through its exceptions that the trial court erred in denying its motions because (1) the evidence is susceptible only of the inference that Walicki breached the contract, and (2) the verdict was contrary to the law and jury instructions.

In its first exception, Southeastern argues that the trial judge should have granted its motions for a directed verdict notwithstanding the verdict because the evidence will not sustain a verdict for Walicki and in fact would sustain a verdict for Southeastern. We disagree.

On appeal from the denial of a motion for a directed verdict or judgment notwithstanding the verdict based on the sufficiency of the evidence, the evidence must be viewed in the light most favorable to the non-moving party. *Ray v. Simon*, 245 S. C. 346, 140 S. E. (2d) 575 (1965). Our task in reviewing the denial of such motions is to ascertain whether there was sufficient evidence to submit the case to the jury. *Bellamy v. General Motors Acceptance Corp.*, 269 S. C. 578, 239 S. E. (2d) 73 (1977). Here, we find sufficient evidence to submit the case to the jury. The serious conflict in the testimony relative to the nature of the sale, and the contingent obligations of the parties presents jury questions.

We therefore dismiss this contention.

Southeastern also moved for a judgment notwithstanding the verdict and alternatively for a new trial on the basis that the verdict was contrary to the evidence and that Walicki was entitled, at the most, to a verdict of $4,000.00. Of course, Southeastern made no motion for a directed verdict on this basis. Thus, it is limited on its motion for judgment notwithstanding the verdict to the grounds raised in its motion for a directed verdict. *Taylor v. Bridgebuilders, Inc.*, 275 S. C. 236, 269 S. E. (2d) 337 (1980). Its motion was one for a new trial absolute.

The grant or refusal of a motion for new trial is discretionary with the trial court. *Watson v. U. S. Rubber Co.*, 260 S. C. 129, 194 S. E. (2d) 395 (1973). The charge to the jury, however, that Walicki would be entitled to $4,000.00 would bind the jury to that amount, since the charge was not objected to. *See Lundy v. Lititz Mutual Ins. Co.*, 232 S. C. 1, 100 S. E. (2d) 544 (1957) (waiver of objection that instruction was charged on the facts); S. C. Const. art. V, section 17; *Mickle v. Blackmon*, 255 S. C. 136, 177 S. E. (2d) 548, 550 (1970) (failure to object to charge makes it the law of the case). Of course, it is fundamental that a jury must abide by the judge's charge, be it right or wrong. Where the jury renders a verdict in disregard of his charge, it is error for the judge not to grant a new trial upon motion. *See Thompson v. Lee*, 19 S. C. 489 (1883).

Walicki argues that the amount of the verdict in excess of $4,000.00 represents the jury's finding of punitive damages and attorney's fees. Neither of these issues was submitted to the jury. She also contends the contract was unconscionable under the Consumer Protection Code. Again, violation of the Consumer Protection Code was not an issue before the jury either. She argues as well that the excess verdict of $1,000.00 represents compensation for her loss of time, interest and inconvenience. We found no evidence in the record to support these losses and the record does not show the judge charged that these losses were compensable.

Finally, in her brief, Walicki requests that attorney fees be assessed for this appeal under the Consumer Protection Code. Since Walicki's allegations in her counterclaim relative to violation of the Consumer Protection Code were struck by the trial judge and no objection taken

thereto, we cannot now consider this request on appeal. *Rosamond Enterprises, Inc. v. McGranahan,* 278 S. C. 512, 299 S. E. (2d) 337 (1983).[2]

This Court may modify a judgment where damages ■ improperly allowed can be segregated. *Black v. Jefferson Standard Life Ins. Co.,* 171 S. C. 123, 171 S. E. 617 (1933). The judgment is accordingly modified to award the respondent damages in the sum of $4,000.00. As so modified, the judgment is affirmed.

Affirmed as modified.

SHAW and BELL, JJ., concur.

---

[2] Supreme Court Rule 38, Section 4 permits an award of $750.00 attorney's fees to a prevailing party as taxable costs by the trial court. We make no finding, however, that Walicki is entitled to an assessment of attorney fees in this case.