## CIRCUIT COURT OF ROCKINGHAM COUNTY

Linda J. Johnson

v.

S. E. Nichols, Inc.

October 1, 1984

Case No. (Law) 6898

## By JUDGE JOSHUA L. ROBINSON

The question presented by the demurrer is whether the Motion for Judgment states a cause of action in tort for retaliatory discharge of an employee at will in contravention of a substantial public policy. The Court is of the opinion that it does not and the demurrer will be sustained.

The Motion for Judgment alleges that the plaintiff was employed as a security officer or store detective at defendant's retail store from October 1982 until December 1983 when she was discharged. She alleges that she violated no established store policy but that her entirely proper conduct in the detention and questioning of suspected shoplifters precipitated her discharge. She alleges that her conduct was in the vigorous and lawful pursuit of the public policy of the Commonwealth in favor of the prevention of shoplifting and detention of shoplifters, and that her discharge was in contravention of this public policy and constituted an actionable tort.

The motion for judgment sounds in tort; there is no allegation of breach of an express or implied condition of the contract of employment that she would not be discharged except for just cause, *see Frazier* v. *Colonial Williamsburg*, 574 F. Supp. 318 (E.D. Va. 1983), or that an implied condition of the contract of employment was breached by the employer's failure to conform to its own established personnel policies and procedures. *Weiner* v. *McGraw-Hill, Inc.*, 57 N.Y.2d 458 (1982); *compare*,

*Murphy* v. *American Home Products Corp.*, 58 N.Y.2d 293 (1983). There is no allegation that the discharge violated any state or federal statute, *e.g., Hishon* v. *King and Spalding*, 104 S.Ct. 2229 (May 22, 1984). *See* Summers, "Individual Protection Against Unjust Dismissal. Time for a Statute," 62 *Va. Law Rev.* 481, 491 (No. 3, April 1976).

Counsel for one of the parties has suggested that it would be appropriate for this Court to defer decision on the demurrer pending decision by the Supreme Court of Virginia in *Betty P. Bowman, et al.* v. *State Bank of Keysville, et al.,* Record No. 820901, Petition for Appeal granted March 2, 1983. The courtesy of counsel has made the briefs, the appendix, and the opinion of the trial court available to this Court, and they have been helpful to the Court in decision on this issue. However, counsel advise that oral argument in. *Keysville* is scheduled for January 1985 and we could not expect a decision before next summer. Considering also, the possibility that the decision in *Keysville* may not be clearly dispositive of the question *sub judice,* and that it would be unfair to the parties to further protract this litigation, it is this Court's responsibility to rule on the basis of the precedent available.

The basic common law rule is that, in the absence of some explicit contract to the contrary, every employment is an employment at will and either the employer or the employee is free to terminate it at any time without notice. *Summers, supra,* 62 *Va. Law Rev.* at 484. However, we will assume for the purposes of this decision that an employer may subject itself to liability if it fires an at will employee if the employee can show that the discharge was motivated by an intention to contravene some substantial public policy. *Harless* v. *First National Bank in Fairmont,* 246 S.E.2d 270 (W.Va. 1978) (reporting employer's violation of Consumer Credit and Protection Act); *Firestone Textile Co. Div.* v. *Meadows,* 666 S.W.2d 730, (Ky. 1983) (filing Workmen's Compensation Claim); *Adler* v. *American Standard Corp.,* 291 Md. 31, 432 A.2d 464 (1981); *Palamateer* v. *International Harvester Co.,* 85 Ill. 2d 174 (1981) (testifying against co-employee at criminal trial); *Trobetta* v. *Detroit, etc. Railroad*

*Co.,* 81 Mich. App. 489 (1978) (refusal to falsify official reports); *Hansen* v. *Harrah's,* 675 P.2d 394 (Nev. 1984) (filing Workmen's Compensation claim); *Perks* v. *Firestone,* 611 F.2d 1363 (3d Cir. 1979) (refusal to submit to polygraph); *Reuther* v. *Fowler & Williams,* 255 Pa. Super. 28; 386 A.2d 119 (1977) (reporting for jury duty); *Ness* v. *Hocks,* 272 Or. 210, 536 P.2d 512 (1975) (reporting for jury duty); *Contra,* e.g., *Wards Co.* v. *Lewis & Dobrow,* 210 Va. 751, 756; *Payne* v. *Western Atlantic, R.R.G.,* 81 Tenn. 507, 518-20 (1884); *Blevins* v. *General Electric,* 491 F. Supp. 521 (W.D. Va. 1980) (filing Workmen's compensation claim); *Thurston* v. *Macke,* 716 F.2d 255 (4th Cir. 1983) (filing Workmen's compensation claim; and noting the limited legislative response of Va. Code Section 65.1-40.1 to *Blevins*).

However, if the complaint fails to allege violation of a clear mandate of public policy, an employee at will has no right of action for wrongful discharge. *Restatement of Torts,* § 762; *see Geary* v. *U. S. Steel,* 319 A.2d 174, 180 (Pa. 1974), where the employee was discharged in retaliation for pointing out to his superiors the unsafe nature of their products. There, as here, the praiseworthiness of the employee's motives does not detract from the employer's legitimate interest in preserving its normal operational procedures from disruption. *Compare, Keneally* v. *Orgain,* 667 P.2d 127 (1980); *Percival* v. *General Motors,* 400 F. Supp. 1322 (E.D. Mo. 1975); *Adams* v. *Budd,* 583 F. Supp. 7 (E.D. Pa., March 8, 1984); *Adler* v. *American Standard Corp.,* (Md.) *supra* (allegations of "commercial bribery" or "falsification of corporate documents" did not constitute allegations of violation of clear mandate of public policy).

Although we agree that shoplifting is against the public policy of the Commonwealth, it is within the prerogative of the merchant to balance his losses from "inventory leakage" against his loss of good will from vigilant surveillance of honest customers.

As we said in the companion case of *Johnson* v. *Virginia Employment Commission,* Circuit Court of Rockingham County, Law No. 6935 (1984):

> Although the evidence preponderates that the claimant was motivated only by a desire to carry out her duties in the best interests of her employer, as she perceived them to be,

the employer has the right to direct the manner in which its best interests will be promoted, so long as their methods are not illegal (or perhaps *contra bonos mores*). If the employer desired to maintain their security surveillance with restraint to avoid the risk of even frivolous suits for false imprisonment, they had the right to do so.

Therefore, the allegations fall short of meeting the requirement that the discharge was in contravention of the clear public policy of the Commonwealth and the demurrer will be sustained.

The Supreme Court of Pennsylvania in *Geary* v. *U. S. Steel, supra*, 319 A.2d 176, pointed out:

> The huge corporate enterprises which have emerged in this century wield an awesome power over their employees. It has been aptly remarked that. . . we have become a nation of employees. We are dependent upon others for our means of livelihood, and most of our people have become completely dependent upon wages. If they lose their jobs they lose every resource, except for the relief supplied by the various forms of social security. Such dependence of the mass of the people upon others for all of their income is something new in the world. For our generation, the substance of life is another man's hands. (Footnote omitted)

*See* the dissenting opinion of Roberts, J., 319 A.2d at 180.

> Protection against unjust discipline is now provided by almost every collective agreement, for unions and employers in bargaining take for granted that employees shall not be disciplined without just cause. However, less than a third of our employed work force enjoys such protection; more than two-thirds still have no recourse. Summers, *supra*, 62 *Va. L. Rev.* at 483.

"The United States is one of the few industrial countries that does not provide general legal protection against unjust dismissal," *supra* at 508. Tobias, "I've Been Fired," 70 *ABA Journal* 68 (April 1984), also p. 158.

The common law rule giving the employer the right to discharge an employee at will "for good cause, for no cause, or even for cause morally wrong, without being thereby guilty of a legal wrong," *Payne* v. *Western, supra,* is based upon the (contract) rationale of mutuality:

> the right of the employee to quit the service of the employer, for whatever reason, is the same as the right of the employer, for whatever reason, to dispense with the services of such employee. *Adair* v. *U. S.,* 208 U.S. 161 (1908).

Although there are judicial trends to circumscribe the doctrine, *see Note* "Protecting At Will Employees Against Wrongful Discharge: The Duty to Terminate Only in Good Faith," 93 *Harvard Law Review,* 1816 (1980); Boyett, "Terminating Employees in Virginia," 17 *U. of Rich. Law Review* 747 (No. 4, 1983), as well as legislative trends, *see* Horton, "If the Right to Fire is Abused, Uncle Sam May Step In." *The Wall Street Journal,* June 11, 1984, page 24, if it is time to provide all employees general legal protection against unjust discipline, a *nisi prius* court is powerless to effect a remedy. Defining the parameters of a remedy is the duty of the legislature. *See Code* §§ 18.2-465.1, 65.1-40.1; *Summer, supra,* 62 *Va. Law Review* at 519.

The Court's order sustaining the demurrer is filed with the Clerk this day. If the plaintiff declines the invitation to amend, counsel for the defendant may submit a final order pursuant to Rule 1:13 and Local Rule 3:1.