0326

Lila Mae CORDER, Respondent, v. CHAMPION ROAD MACHINERY INTERNATIONAL CORPORATION, Appellant, and

Leroy JACKSON, Respondent, v. CHAMPION ROAD MACHINERY INTERNATIONAL CORPORATION, Appellant. (two cases).

(324 S. E. (2d) 79)

Court of Appeals

Julian H. Gignilliat, of Gignilliat & Savitz, Columbia, for appellant.

Angus F. Carter, III, and Billy R. Oswald of Oswald & Floyd, West Columbia, for respondents.

Heard Sept. 17, 1984.

Decided Dec. 5, 1984.

BELL, Judge:

Leroy Jackson and Lila Mae Corder brought these actions against their former employer, Champion Road Machinery International Corporation, for termination of their employment. The complaints in the two cases are substantially identical. They both allege that the plaintiffs suffered on the job injuries, that they filed workers' compensation claims, that they were threatened with termination of their employment if they did not withdraw the claims, and that they were discharged when they did not withdraw their claims. Based on these facts, the complaints alleged causes of action for (1) intentional infliction of emotional distress and (2) invasion of privacy. Champion demurred to both complaints on the ground that they failed to state a cause of action. The circuit court overruled the demurrers. Champion appeals. We reverse and remand.

On appeal from an order overruling a demurrer, the complaint must be liberally construed in favor of the pleader and sustained if the facts and reasonable inferences to be drawn therefrom entitle him to relief on any theory of the case. *Todd v. South Carolina Farm Bureau Mutual Ins. Co.*, 276 S. C. 284, 278 S. E. (2d) 607 (1981). But in passing on a demurrer, the court is limited to consideration of the allegations of the complaint. A demurrer admits the well pleaded facts in the complaint; it does not admit conclusions of law. *Akers v. Hard*, 275 S. C. 100, 267 S. E. (2d) 536 (1980).

I.

The complaints allege as a first cause of action intentional infliction of emotional distress, i.e., the tort of outrage. To state a claim for outrage, the plaintiff must allege: (1) conduct by the defendant which is atrocious, utterly intolerable in a civilized community, and so extreme and outrageous as to exceed all possible bounds of decency; (2) the defendant acted with intent to inflict emotional distress or acted recklessly when it was certain or substantially certain such distress would result from his conduct; (3) the actions of the defendant caused the plaintiff to suffer emotional dis-

tress; and (4) the emotional distress suffered by the plaintiff was so severe that no reasonable man could be expected to endure it. *Ford v. Hutson,* 276 S. C. 157, 276 S. E. (2d) 776 (1981).

Champion concedes the complaints, liberally construed, sufficiently allege elements (2), (3), and (4) of the tort. It argues, however, that alleged threats of discharge and retaliatory discharge for filing a workers' compensation claim do not, as a matter of law, constitute the extreme, atrocious, utterly intolerable conduct required to satisfy element (1).

In *Todd v. South Carolina Farm Bureau Mutual Ins. Co.,* 321 S. E. (2d) 602 (S. C. App. 1984), we emphasized a critical element of the tort of outrage is outrageous conduct. We stated the "insistence that the conduct be extreme and outrageous is no mere happenstance." *Id.,* Davis' Advance Sheet at 10 (No. 41, Aug. 25, 1984). We further held the quality of the defendant's conduct is to be judged by an objective standard, i.e., whether it can reasonably be considered extreme, outrageous, and utterly intolerable in a civilized community. *Id.* Davis' Advance Sheet at 13.

In our view, allegations of retaliatory discharge, without more, are not sufficient to state a claim for outrage. *See Raley v. Darling Shop of Greenville,* 216 S. C. 536, 59 S. E. (2d) 148 (1950); *Hudson v. Zenith Engraving Co. Inc.,* 273 S. C. 766, 259 S. E. (2d) 812 (1979). While wrongful discharge for any reason is reprehensible conduct and may cause mental anguish to the discharged employee, it is not in itself the kind of extreme conduct which gives rise to a legal claim for outrage. This is apparent from the prior decisions of our Supreme Court.

In *Raley v. Darling Shop of Greenville, supra,* as in these cases, the plaintiff alleged she was injured during the course of her employment. She further alleged her employer threatened her with discharge unless she withdrew a worker's compensation claim she had filed with the South Carolina Industrial Commission. When she did not withdraw the claim, the employer allegedly discharged her in retaliation for making the claim. The complaint alleged the employer's conduct was willful, wanton, and malicious with the intent to deprive her of her legal rights and that she suffered mental anguish as a result thereof. The Supreme Court held the complaint was

properly dismissed on a demurrer for failure to state a cause of action.

The result in *Raley* was approved in *Hudson v. Zenith Engraving Co., supra.* In *Hudson*, the plaintiff also alleged he was discharged in retaliation for filing a worker's compensation claim. For the purpose of summary judgment, this allegation was taken as proved. However, the Supreme Court expressly rejected the argument that the act of maliciously and intentionally discharging the plaintiff in retaliation for pursuit of a worker's compensation claim in itself constituted outrageous conduct. The Court quoted with approval from Restatement (Second) of Torts Section 46, comment d (1977):

> [it] has not been enough that the defendant has acted with an intent which is tortious or even criminal or that he has intended to inflict emotional distress, or even that his conduct has been characterized by "malice," or a degree of aggravation which would entitle the plaintiff to punitive damages for another tort. Liability has been found only where the conduct has been so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community.

The complaint in *Hudson* alleged the termination of plaintiff's employment amounted to "outrageous conduct" and stated it was "extreme and outrageous, beyond all possible bounds of decency and utterly intolerable in a civilized community." Nevertheless, the Court noted Hudson had not alleged the discharge was accompanied by any verbal assault or hostile, abusive encounter with the employer's agents. In other words, mere retaliatory discharge, regardless of how it is characterized by the plaintiff, is not enough to constitute a cause of action.

The plaintiffs place great reliance on the Supreme Court's opinion in *Todd v. South Carolina Farm Bureau Mutual Ins. Co.*, 276 S. C. 284, 278 S. E. (2d) 607 (1981) (*Todd I*), to support the circuit court's overruling of Champion's demurrers. We do not read that decision as implicity overruling *Raley* and *Hudson.* In *Todd I*, the plaintiff in addition to alleging retaliatory discharge also pleaded other acts, including false accusations, hostile and abusive encounters, and illegal administration of

a voice stress test. At trial, Todd proved a retaliatory discharge for refusal to make a polygraph examination, but he failed to prove, against his employer, all of the additonal acts he had alleged in the complaint. Consequently, we held he had not proved the tort of outrage. *See Todd v. South Carolina Farm Bureau Mutal Ins. Co.*, 321 S. E. (2d) 602 (S. C. App. 1984) (Todd II).

In these cases, the plaintiffs have alleged they were told by agents and servants of Champion that unless they withdrew their worker's compensation claims they would be fired. They have also alleged that because they did not withdraw their claims Champion mailed them each a letter informing them their employment was terminated. There follows a conclusory allegation that these acts are extreme and outrageous. No other acts are alleged against Champion.

Because the complaints allege nothing more than a retaliatory discharge, these cases are controlled by the decisions in *Raley* and *Hudson.* The failure to plead additional outrageous and extreme acts accompanying the discharge distinguishes these cases from *Todd I.* For these reasons, the demurrer to the first cause of action should have been sustained.

## II.

The complaints allege invasion of privacy as a second cause of action. In order to state a cause of action for this tort the plaintiff must allege: (1) the unwarranted appropriation or exploitation of his personality, or (2) the publicizing of his private affairs with which the public has no legitimate concern; or (3) the wrongful intrusion into one's private activities in such a manner as to outrage or cause mental suffering, shame or humiliation to a person of ordinary sensbilities. *Meetze v. Associated Press*, 230 S. C. 330, 95 S. E. (2d) 606 (1956); *Rycroft v. Gaddy*, 281 S. C. 119, 314 S. E. (2d) 39 (S. C. App. 1984). The plaintiffs in these cases allege a wrongful intrusion into their private activities causing mental suffering, shame, and humiliation.

The only acts alleged to constitute an invasion of the plaintiffs' privacy are that agents and servants of Champion told them they would be fired unless they withdrew their worker's compensation claims and that Champion mailed them each a

letter informing them their employment was terminated. Neither of these acts, however unwarranted, is an intrusion into an area of personal privacy. Thus, the plaintiffs have failed to plead an essential element of the tort. The demurrers to the second cause of action should have been sustained.

For the foregoing reasons, the order overruling the demurrer in each case is reversed and cases are remanded for entry of judgment sustaining the demurrers.

Reversed and remanded.

SHAW and GOOLSBY, JJ., concur.