**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

## THE STATE OF SOUTH CAROLINA
### In The Court of Appeals

Timothy Williams, Appellant,

v.

Force Protection Industries, Inc., Howard Eisenhut (individually and as an employee of Force Protection Industries, Inc.), Shelia Boyd (individually and as an employee of Force Protection Industries, Inc.), Vanessa Ladson (individually and as an employee of Force Protection Industries, Inc.), Brenda Valentine (individually and as an employee of Force Protection Industries, Inc.), and Verifications, Inc., Respondents.

Appellate Case No. 2010-169467

———————————

Appeal From Charleston County
R. Markley Dennis, Jr., Circuit Court Judge

———————————

Unpublished Opinion No. 2012-UP-374
Heard March 13, 2012 – Filed June 20, 2012

———————————

**AFFIRMED**

———————————

Timothy L. Williams, of Columbia, pro se.

Michael D. Carrouth and Reyburn W. Lominack, III, of Fisher & Phillips, LLP, of Columbia, for Respondent Force Protection Industries, Inc., et. al.

**PER CURIAM:** Timothy Williams appeals the order of the trial court granting Force Protection Industries, Inc., and other Respondents summary judgment on Williams's claims for breach of contract and defamation.  We affirm.

1.      As to Williams's breach of contract action, we find the trial court did not err in granting summary judgment on this issue because Williams's employment was at-will.  *See Mathis v. Brown & Brown of S.C., Inc.*, 389 S.C. 299, 309, 698 S.E.2d 773, 778 (2010) ("In South Carolina, employment at-will is presumed absent the creation of a specific contract of employment."); *id.* at 310, 698 S.E.2d at 778 (emphasis added) ("An at-will employee may be terminated *at any time* for any reason or for no reason, with or without cause.); *White v. Roche Biomedical Labs., Inc.*, 807 F.Supp. 1212, 1215 (D.S.C. 1992) ("When an employer has the right to terminate at will, it may do so at any time, including the period after the employee has accepted an offer but before the employee begins work."); *Hudson v. Zenith Engraving Co.,* 273 S.C. 766, 769, 259 S.E.2d 812, 813 (1979) ("The termination of employment at will by either party does not normally give rise to a cause of action for breach of contract.").

2.      We find no error in the trial court's ruling Respondents' statements to the South Carolina Human Affairs Commission (SCHAC) were privileged.  *See Crowell v. Herring*, 301 S.C. 424, 430, 392 S.E.2d 464, 467 (Ct. App. 1990) (stating an "absolute privilege exists as to any utterance arising out of the judicial proceeding and having any reasonable relation to it, including preliminary steps leading to judicial action of any official nature provided those steps bear reasonable relation to it" (citing *Restatement (Second) of Torts* § 587 cmt. e (1977))); *Restatement (Second) of Torts* § 588 cmt. d (1977) ("Judicial proceedings include all proceedings in which an officer or tribunal exercises judicial functions . . ."); S.C. Code Ann. § 1-13-90 (2005 & Supp. 2011) (setting forth the procedures for complaints to and investigations, hearings, and orders by the SCHAC).

**AFFIRMED.**

**FEW, C.J., and HUFF and SHORT, JJ., concur.**