1354

Elizabeth WRIGHT, Appellant v. Walter M. SPARROW, Respondent.

(381 S. E. (2d) 503)

Court of Appeals

*Frederick K. Jones*, Hartsville, *for appellant.*

*G. Conrad Derrick* and *Helen T. McFadden*, both of *Bridges and Orr*, Florence, *for respondent.*

Heard May 16, 1989.

Decided June 12, 1989.

CURETON, Judge:

This case arises out of the termination of an employment relationship. Elizabeth Wright was employed as Program Coordinator of the Florence Adult Development Center. Walter M. Sparrow is the Executive Director of the Florence County Mental Retardation Board. One of his duties is oversight of the Florence Adult Development Center. Sparrow terminated Wright's employment on October 29, 1984. She filed suit against Sparrow alleging three causes of action: (1) invasion of privacy, (2) outrage, and (3) defamation. The trial court granted Sparrow's motion for summary judgment on all three causes of action. We affirm.

Wright initially argues the court erred in granting summary judgment because the notice of motion did not specify with particularity the grounds for the motion. The notice states the motion will be made "on the ground that there are no genuine issues as to any material facts and the Defendant is entitled to judgment as a matter

of law. The motion will be based on the attached affidavits and memorandum in support of the motion." The memorandum set forth Sparrow's position on the law and how it related to his version of the facts on each cause of action. Affidavits of Sparrow and Dr. Brent Koyle were attached. The order of the court addresses the points raised in the memorandum. Wright has not shown where the court granted summary judgment on a point not included in the motion and memorandum or argued before the court. *Price v. City of Georgetown*, 297 S. C. 185, 375 S. E. (2d) 335 (Ct. App. 1988); *Turbeville v. Floyd*, 288 S. C. 171, 341 S. E. (2d) 651 (Ct. App. 1986). There is no merit to this contention.

## I.

Wright alleges Sparrow's actions constitute the tort of invasion of privacy. To state a cause of action for invasion of privacy the plaintiff must allege either: (1) the unwarranted appropriation or exploitation of his personality; or (2) the publicizing of his private affairs with which the public has no legitimate concern; or (3) the wrongful intrusion into one's private activities in such a manner as to outrage or cause mental suffering, shame, or humiliation to a person of ordinary sensibilities. *Corder v. Champion Road Machinery Inter. Corp.*, 283 S. C. 520, 324 S. E. (2d) 79 (Ct. App. 1984); *Rycroft v. Gaddy*, 281 S. C. 119, 314 S. E. (2d) 39 (Ct. App. 1984). This case involves the second subpart of the tort.

Wright alleges Sparrow placed false and defamatory information in her employment personnel file and then revealed this file to employees of the Department of Mental Retardation. She alleges certain matters were in her personnel file to which she had a right to expect privacy. No affidavit was filed by Wright so the personal matters she refers to are not disclosed. The trial court held there was no public disclosure or publicity of any private facts about Wright. The court stated the evidence demonstrated a discussion about her employment history between Sparrow and two high level supervisors of the Department of Mental Retardation as well as their secretary who typed a termination letter. The court held those communications did not constitute public disclosure and were also privileged.

We agree with the trial court on the disclosure aspect. There was no public disclosure of Wright's personnel file. Liability for invasion of privacy does not arise from communication to a single individual or a small group of people absent a breach of contract, trust, or other confidential relationship. *Rycroft*, 281 S. C. 119, 314 S. E. (2d) 39. There was no publicizing of Wright's personnel file and any alleged private information contained in it.

## II.

Wright alleges Sparrow set out on a course in 1983 to "build a case" to justify firing her. She alleges he loaded her with responsibility while stripping her of authority. She also alleges he would change the manner of performing certain duties and then accuse her of not following his directions. She claims Sparrow's actions constitute intentional infliction of emotional distress. The court held Sparrow's actions were not so extreme and outrageous as to exceed all possible bounds of decency.

To state a claim for outrage a plaintiff must allege: (1) conduct by the defendant which is atrocious, utterly intolerable in a civilized community, and so extreme and outrageous as to exceed all possible bounds of decency; (2) the defendant acted with intent to inflict emotional distress or acted recklessly when it was certain or substantially certain such distress would result from his conduct; (3) the actions of the defendant caused the plaintiff to suffer emotional distress; and (4) the emotional distress suffered by the plaintiff was so severe that no reasonable man could be expected to endure it. *Andrews v. Piedmont Air Lines*, 297 S. C. 367, 377 S. E. (2d) 127 (Ct. App. 1989); *Corder v. Champion Road Machinery Inter. Corp.*, 283 S. C. 520, 324 S. E. (2d) 79 (Ct. App. 1984). The question of whether a defendant's conduct may be reasonably regarded as so extreme and outrageous as to allow recovery is a question for the court to determine in the first instance. *Butts v. AVX Corp.*, 292 S. C. 256, 355 S. E. (2d) 876 (Ct. App. 1987).

As previously stated, Wright did not submit an affidavit in opposition to the motion for summary judgment. She did submit an affidavit of a member of the

Board of Directors of the Florence County Mental Retardation Board. This affidavit basically indicates disagreement with Sparrow's decision to terminate Wright. Sparrow submitted a detailed affidavit outlining the reasons for the termination. In this factual context, we agree with the trial court that Sparrow's actions were not so extreme and outrageous as to exceed all·possible bounds of decency. Obviously, Wright and Sparrow disagree about her job performance. However, on this record there is no evidence of hostile or abusive encounters or coercive or oppressive abuse. *See Corder v. Champion Road Machinery Inter. Corp.* 283 S. C. 520, 324 S. E. (2d) 79 (Ct. App. 1984) (mere retaliatory discharge does not establish tort of outrage); *Todd v. South Carolina Farm Bureau Mutual Ins. Co.*, 283 S. C. 155, 321 S. E. (2d) 602 (Ct. App. 1984), *modified,* 287 S. C. 190, 336 S. E. (2d) 472 (1985).

### III.

In her third cause of action, Wright alleged Sparrow defamed her. She alleges Wright caused to be published false words "implying [she] was unfit for employment in the mental retardation service field because she was allegedly negligent, involving the life and safety of a mentally retarded client by locking the client in a classroom unsupervised and by contacting an improper person to aid with an emergency situation involving the client." The Statement of the Case indicates for purposes of the summary judgment Sparrow agreed the court could assume the falsity of the statement. Sparrow contended any comments by him regarding Wright were either absolutely or qualifiedly privileged. The trial court held any communication by Sparrow to the Florence County Mental Retardation Board and a few people at the Department of Mental Retardation concerning Wright's job performance was absolutely privileged. The trial judge also held the communications were qualifiedly privileged because Sparrow's affidavit indicated the communications were properly motivated and limited in scope evidencing his good faith and lack of malice.

If the communication is absolutely privileged no action will exist for its publication no matter what the circumstances under which it is published. If a priv-

ilege is qualified, a plaintiff may recover if he shows the publication was actuated by malice. *Richardson v. McGill,* 273 S. C. 142, 255 S. E. (2d) 341 (1979).

Sparrow's affidavit indicates he discussed the problems in Wright's job performance with members of the Florence County Mental Retardation Board to obtain their advice and consent to the termination. A majority of the Board approved the action. He also reviewed her personnel file with the Assistant Superintendent and the Personnel Director of the Pee Dee region of the South Carolina Department of Mental Retardation.

Absolute privilege is a narrow concept in South Carolina. The limits of the privilege are fixed by public policy. *Id.* Sparrow was not in a legislative or judicial position. While he claims executive official status to make the alleged defamatory statements we decline to hold he was entitled to an absolute privilege on the facts in this record. *See Eubanks v. Smith,* 292 S. C. 57, 354 S. E. (2d) 898 (1987).

The facts of this case raise the concept of qualified privilege. The underlying situation concerns an employee and her supervisor. There is a basis for applying a qualified privilege to situations in which an employee's job performance is properly evaluated. The South Carolina Supreme Court recognized a qualified privilege attached to communications between an employer and employee when the occasion was a bona fide inquiry by the employer into alleged misconduct of the employee. *Bell v. Bank of Abbeville,* 211 S. C. 167, 44 S. E. (2d) 328 (1947). We agree with the trial court that on the facts of this record Mr. Sparrow established a qualified privilege and Mrs. Wright failed to establish a genuine issue of material fact as to actual malice. *See Moody v. McLellan,* 295 S. C. 157, 367 S. E. (2d) 449 (Ct. App. 1988).

The decision of the trial court is

Affirmed.

GARDNER and GOOLSBY JJ., concur.