2181

Wanda P. SHIPMAN, Appellant v. Steve GLENN and the South Carolina School for the Deaf and Blind, Respondents.

(443 S.E. (2d) 921)

Court of Appeals

G. Randall Taylor, of *Butler, Means, Evins & Browne,* Spartanburg, *for appellant.*

Wade E. Ballard, of *Edwards, Ballard, Bishop, Sturm, Clark & Keim,* Spartanburg, *for respondents.*

Heard April 14, 1994.

Decided May 9, 1994.

GOOLSBY, Judge:

Wanda P. Shipman, an employee of the South Carolina School for the Deaf and Blind, sued the school and Steve Glenn, one of her supervisors, for intentional infliction of emotional distress. Her complaint centers on a single incident of alleged verbal abuse. The trial court granted summary judgment to both defendants. We affirm.

The alleged verbal abuse occurred on December 6, 1988. Shipman filed her complaint December 4, 1991.

I.

Shipman's counsel indicated during oral argument before this court the issues on appeal concern only Glenn, apparently conceding she has no claim against the school under the South Carolina Tort Claims Act, S.C. Code Ann. §§ 15-78-10 to -190 (Supp. 1993). We therefore uphold the trial court's grant of summary judgment to the school.

II.

We also uphold the grant of summary judgment to Glenn on the question of his personal liability.

The evidence before the trial court, which we view, as we must, in Shipman's favor, indicates: (1) Shipman suffers from cerebral palsy, a condition that limits her speech and her physical movements; (2) Glenn verbally abused and threatened her on the day in question with the loss of her job because she had discussed with others her concerns that she was a victim of intentional discrimination through a reduction in the school's work force; (3) Glenn ridiculed her speech impediment; and (4) Glenn's actions caused her to become emotion-

ally upset, distressed, and worried, caused her to be physically ill to the point that she had to leave work early that day, caused her to live in constant fear of Glenn and what he might do to injure her or harm her career, and adversely affected her personal life and her ability to function in her job.

While this evidence shows conduct by Glenn that is both callous and offensive, this conduct, in our view, cannot provide the basis for an action for intentional infliction of emotional distress. *See Ford v. Hutson,* 276 S.C. 157, 276 S.E. (2d) 776 (1981) (the conduct must be so extreme and outrageous as to exceed all possible bounds of decency and must be regarded as atrocious and utterly intolerable in a civilized community); *cf. Wright v. Sparrow,* 298 S.C. 469, 381 S.E. (2d) 503 (Ct. App. 1989) (allegations that supervisor built a case to justify firing the plaintiff by loading her with responsibility while stripping her of authority and by changing the manner of performing certain duties and then accusing her of not following directions held insufficient as a matter of law to constitute the tort of outrage).

We further find the emotional distress that Shipman says she suffered here falls far short of that needed for an action of this kind, particularly since the record contains no evidence that Shipman is "peculiarly susceptible" to emotional distress[1] or that Glenn was aware of any susceptibility. *See Ford,* 276 S.C. at 162, 276 S.E. (2d) at 778 (emotional distress suffered by the plaintiff must be so severe that no reasonable person could be expected to endure it); *Nash v. AT&T Nassau Metals,* 294 S.C. 248, 257, 363 S.E. (2d) 695, 700 (Ct. App. 1987), *rev'd on other grounds,* 298 S.C. 428, 381 S.E.(2d) 206 (1989) ("Conduct may be judged outrageous because a defendant acts with knowledge that a plaintiff is peculiarly susceptible to emotional distress, if major outrage is shown.").

Affirmed.

BELL, GOOLSBY and CONNOR, JJ., concur.

---

[1] Shipman's counsel suggests her handicap makes her peculiarly susceptible to emotional distress. Her deposition paints a different picture. By her own admission, Shipman says she is "normal . . . except when I go through a particularly stressful event I get depressed, as anyone else, but it's something I come out of."