**John DOE, Appellant–Plaintiff**

v.

**METHODIST HOSPITAL, Lizzie Cameron, Logan Cameron and Cathy Duncan, Appellees–Defendants.**

No. 30A01–9312–CV–421.

Court of Appeals of Indiana,
First District.

Sept. 8, 1994.

Rehearing Denied Nov. 14, 1994.

Dennis F. McCrosson, Stillwell McCrosson & Life, Indianapolis, for appellant.

Mark Small, Bradburn Swetnam & Small and Joseph P. Maguire, Indianapolis, for appellees.

ROBERTSON, Judge.

Plaintiff–Appellant, John Doe appeals the summary judgment entered in favor of Defendant–Appellee, Cathy Duncan. Doe rais-

es two issues, neither of which constitute reversible error.

## FACTS

The facts in the light most favorable to nonmovant Doe reveal that on January, 11, 1990, Doe, a letter carrier for the Post Office, suffered what appeared to be a heart attack while at work. He was taken from his workplace by ambulance to Co–Defendant Methodist Hospital [Hospital]. While being transported to the hospital, Doe disclosed to the paramedics that he had tested positive for HIV, the virus which causes AIDS [Acquired Immune Deficiency Syndrome]. The paramedics noted Doe's HIV status on their report. The information became a part of Doe's confidential medical record at the Hospital.

Co–Defendant Logan Cameron, one of Doe's co-workers, telephoned his wife, Co–Defendant Lizzie Cameron, an employee of the Hospital, to inquire about Doe's condition. Lizzie examined Doe's medical record and advised Logan that Doe was HIV positive. Logan then relayed Doe's HIV status to other employees at the Post Office, including Co–Defendant Cathy Duncan.

Duncan relayed Doe's HIV status to two other co-workers, Ron Oakes and Becky Saunders. Oakes had already known about Doe's HIV infection, having been informed by Doe in confidence. Saunders, however, had not known.

Doe brought the present lawsuit for the invasion of privacy against Methodist Hospital, Lizzie Cameron, Logan Cameron, and Cathy Duncan. All defendants moved for summary judgment which was denied with respect to all defendants except Duncan. This appeal relates only to the summary judgment entered against Doe in favor of Duncan.

## DECISION

On appeal from the grant of summary judgment, we use the same standard in ascertaining the propriety of summary judgment as does the trial court. *Newhouse v. Farmers National Bank of Shelbyville* (1989), Ind.App., 532 N.E.2d 26, 28. Summary judgment is appropriate and "shall be rendered forthwith if the designated evidentiary matter shows that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Ind.Trial Rule 56(C). Any doubt about the existence of a fact or the reasonable inference to be drawn from it must be resolved in favor of the non-moving party. *Allied Resin Corporation v. Waltz* (1991), Ind., 574 N.E.2d 913.

On appeal, however, the party which lost in the trial court has the burden to persuade the appellate tribunal that the trial court's decision was erroneous. *Ind. Department of Revenue v. Caylor–Nickel Clinic* (1992), Ind., 587 N.E.2d 1311, 1313. Our proper role includes the careful scrutiny of the trial court's determination to assure that the non-prevailing party is not improperly prevented from having his day in court. *Id.*

Indiana Trial Rule 56(C) provides that, at the time of filing the motion or response, a party shall designate to the court all parts of pleadings, depositions, answers to interrogatories, admissions, matters of judicial notice, and any other matters on which it relies for purposes of the motion. A party opposing the motion shall also designate to the court each material issue of fact which that party asserts precludes entry of summary judgment and the evidence relevant thereto. *Id.* No judgment rendered on the motion shall be reversed on the ground that there is a genuine issue of material fact unless the material fact and the evidence relevant thereto shall have been specifically designated to the trial court. T.R. 56(H).

### I.

Whether the trial court erroneously relied on evidence that Duncan had failed to designate?

Doe bases this argument on a pleading Duncan filed in which she had requested the trial court to consider *the arguments*, not the designated evidence, submitted by her co-defendants in support of their motions for summary judgment. Doe points out that Duncan did not supplement her designation of the record when she incorporated the arguments of the other defendants.

■ In summary judgment proceedings, we presume the trial court applied the law correctly. *Babinchak v. Town of Chesterton* (1992), Ind.App., 598 N.E.2d 1099. The trial court shall make its determination on a mo-

tion for summary judgment only from evidentiary matter designated to the court. *Id.;* T.R. 56(C). Neither the trial court, nor the appellate court, may ground its determination upon materials which have not been designated. *Id.*

■ As will hopefully become apparent under Issue II, the dispositive fact, that Duncan had disclosed Doe's HIV status to only two co-workers, has not been seriously disputed. The evidentiary material supporting this fact is contained in Doe's "Supplemental Response to Defendant's Interrogatories" which Duncan had designated to the trial court. Doe himself relied on this fact in opposition to summary judgment.

Duncan incorporated only the arguments, not the evidentiary matter designated, of her co-defendants. Duncan sufficiently designated evidentiary material to the trial court in support of her motion for summary judgment and we find no error.

## II.

Whether Duncan gave "publicity" to the private fact involved sufficient to sustain an action for an invasion of privacy?

Indiana recognizes the tort of invasion of privacy as follows:

> The unwarranted appropriation or exploitation of one's personality, the publicizing of one's private affairs with which the public has no legitimate concern or the wrongful intrusion into one's private activities, in such manner as to outrage or cause mental suffering, shame or humiliation to a person of ordinary sensibility.

*Continental Optical Company v. Reed* (1949), 119 Ind.App. 643, 648, 86 N.E.2d 306, 308 (quoting 138 A.L.R. 22), *trans. denied.* In *Near East Side Community Organization v. Hair* (1990), Ind.App., 555 N.E.2d 1324, we noted:

> The general tort of invasion of privacy has four distinct strands:
>
> 1) unreasonable intrusion upon the seclusion of another;
>
> 2) appropriation of the other's name or likeness;
>
> 3) unreasonable publicity given to the other's private life; and
>
> 4) publicity that unreasonably places the other in a false light before the public.

555 N.E.2d at 1334, 1335 (quoting Restatement (Second) of Torts, § 652A(2) at 376 (1977)).

■ Doe has never alleged that Duncan's communication of his HIV status placed him in a false light. Therefore, Doe's complaint can only state a claim under the third strand above, that Duncan gave unreasonable publicity to Doe's private life. *See Hair,* 555 N.E.2d at 1335. Thus, to prevail, Doe must establish that Duncan gave "publicity" to Doe's private life.

The issue of what constitutes "publicity" for the purposes of the tort of invasion of privacy (public disclosure of private facts) is one of first impression in Indiana. As we have in the past, we will turn to hornbook law for instruction regarding this tort.

> The Restatement (Second) of Torts, synthesizing the cases to date, adopted a rule requiring proof by the plaintiff of 'publicity' rather than publication as that term is used in the law of defamation—i.e., publication to a single third person. Publicity was arbitrarily defined as communication to the 'public at large, or to so many persons that the matter must be regarded as substantially certain to become one of public knowledge ... (I)t is not an invasion ... to communicate a fact concerning the plaintiff's private life to a single person or even to a small group of persons.'
>
> \* \* \* \* \* \*
>
> Consistent with the Restatement (Second) of Torts publicity to the public at large or to many persons criteria, it has been held to be non-actionable to disseminate potentially actionable private matter to ... a limited number of co-workers, ....

D.A. Elder, *The Law of Privacy* (1991) § 3:3 at 155, 156 (Citations omitted). In *Wright v. Sparrow* (1989), 298 S.C. 469, 381 S.E.2d 503, the court upheld the summary judgment in favor of the defendant, holding that disclosure of certain confidential matters to two co-workers and their secretary did not constitute a public disclosure sufficient to sustain an action for the invasion of privacy. *Id.,* 381 S.E.2d at 505. In *Eddy v. Brown* (1986), Okla., 715 P.2d 74, the court upheld the summary judgment in favor of the defendant, holding that the fact that a limited number of

co-workers heard that the plaintiff was undergoing psychiatric treatment did not amount to "publicity" sufficient to sustain an action for the invasion of privacy. 715 P.2d at 78.

In the present case, Duncan disclosed Doe's HIV status to only two co-workers (one of whom had already known). As a matter of law, Doe has failed to establish the "publicity" required to sustain his action for the invasion of privacy against Duncan. Doe has not persuaded us that the trial court's decision to grant summary judgment was erroneous, and we find no error.

Judgment affirmed.

RATLIFF, Senior Judge, concurs.

NAJAM, J., dissents with separate opinion.

NAJAM, Judge, dissenting.

I respectfully dissent from the majority opinion. I am not convinced that, as a matter of law, Doe has failed to establish the requisite "publicity" of a private fact. In my opinion, the degree of publicity required to prove the tort of invasion of privacy by public disclosure of private facts is a question of fact for the jury.

The majority relies upon a treatise and two decisions from other jurisdictions to hold that publicizing a private fact to a small group of coworkers is not "publicity" for purposes of invasion of privacy by public disclosure of private facts. It is true that many jurisdictions require disclosure to the public at large, not just a few people, in order to state an actionable claim for this type of invasion of privacy. However, other jurisdictions follow the rule that where (1) a plaintiff is not a public figure and (2) he has a special relationship with the "public" to whom the private fact is disclosed, the publicity requirement may be satisfied by disclosure to a particular public such as fellow employees, club members, church members and neighbors. *See Beaumont v. Brown* (1977), 401 Mich. 80, 257 N.W.2d 522, 531; *Miller v. Motorola, Inc.*

(1990), 202 Ill.App.3d 976, 148 Ill.Dec. 303, 306, 560 N.E.2d 900, 903; *see also McSurely v. McClellan* (D.C.Cir.1985), 753 F.2d 88, 112, *cert. denied*, 474 U.S. 1005, 106 S.Ct. 525, 88 L.Ed.2d 457. Communication to the general public is not required because disclosure to those persons with whom the plaintiff has a special relationship may be just as devastating as disclosure to many. *See Beaumont*, 257 N.W.2d at 531; *Miller*, 560 N.E.2d at 903.

In *Miller* for example, an employer disclosed the fact of its employee's mastectomy to her fellow employees. *Miller*, 560 N.E.2d at 901. The trial court dismissed the employee's claim for invasion of privacy by public disclosure of private facts. *Id.* The Illinois Court of Appeals reversed and held that the employee's allegation that her medical condition was disclosed to her fellow employees "sufficiently satisfies the requirement that publicity be given to the private fact." *Id.* at 903.

Here, like the employee in *Miller*, the fact of Doe's medical condition was disclosed to his fellow employees. Doe's coworkers are a "public" with whom Doe has a special relationship and to whom disclosure of his HIV positive status would prove particularly embarrassing.[1] *See Beaumont*, 257 N.W.2d at 531; *Miller*, 560 N.E.2d at 903. Thus, where such a special relationship exists between the plaintiff and those who learn of the embarrassing facts about him, the number of persons to whom the facts are disclosed is not dispositive.

Our courts should avoid the line drawing employed by the majority in this case in determining whether publicity has occurred for the tort of invasion of privacy by public disclosure of private facts. In our analysis we should not "attempt to numerically measure the persons to whom" Duncan disclosed Doe's HIV positive status. *Beaumont*, 257 N.W.2d at 529. Rather, the quantum of publicity required to prove this tort is a question of fact for the jury not appropriate for disposition on a motion for summary judgment. *Id.* at 532.

Gossip is commonplace in our society, and I agree with Dean Prosser's comment that the law should not put "a gag upon ordinary

---

1. This court has previously observed that a person's HIV positive status is a "sensitive matter" affecting a person's interest in privacy. *See R.E.G. v. L.M.G.* (1991), Ind.App., 571 N.E.2d 298, 298 n. 1 (because parties to dissolution were at risk of developing AIDS, court granted party's request to employ initials in place of names in opinion to protect their privacy).

citizens." David E. Elder, *The Law of Privacy* § 3.3, at 153 n. 34 (quoting Dean Prosser's speech at the 1967 American Law Institute proceedings). I do not advocate limitless liability for every person in the chain of gossip who perpetuates the disclosure of a private fact about the plaintiff. However, the extent of liability for subsequent disclosures addresses the second element of this tort that the disclosure must be made in a coercive and oppressive manner. *See Kaletha v. Bortz Elevator Co.* (1978), 178 Ind.App. 654, 658, 383 N.E.2d 1071, 1074, *overruled on other grounds by Burks v. Rushmore* (1989), Ind., 534 N.E.2d 1101, 1104; *Patton v. Jacobs* (1948), 118 Ind.App. 358, 365, 78 N.E.2d 789, 791, *trans. denied.* A jury should decide, applying contemporary social norms, whether a person who merely repeats the private fact should be held liable for invasion of privacy.

Accordingly, I would hold that Duncan's disclosure of Doe's HIV positive status to even one other employee in Doe's workplace presents a question of material fact as to whether this private fact about Doe was "publicly" disclosed in order to establish invasion of privacy. Summary judgment for Duncan should be reversed and this cause be remanded for a trial on Doe's claim for invasion of privacy by public disclosure of private facts.

