William D. WATTERS and Vicki Watters, Appellants–Petitioners,

v.

David M. DINN, Appellee–Respondent.

No. 32A01–9509–CV–311.

Court of Appeals of Indiana.

June 6, 1996.

John G. Forbes, Indianapolis, for appellants.

Timothy J. Hulett, Donald L. Centers, Harrison & Moberly, Indianapolis, for appellee.

David M. Dinn, Indianapolis, pro se.

## OPINION

BAKER, Judge.

Appellants-plaintiffs William D. Watters and Vicki Watters appeal the trial court's grant of summary judgment in favor of appellee-defendant David M. Dinn on their claims for: 1) invasion of privacy, 2) intentional infliction of emotional distress and 3) loss of consortium.

## FACTS

In 1984, David and Vicki were divorced and Vicki was granted custody of the parties' three children. Thereafter, the parties engaged in a bitter, protracted custody dispute. During a 1987 custody modification hearing, Vicki announced that she had married William. Following the hearing, David contacted two of William's former wives and sought his hospital records, whereupon he learned that William had previously been convicted of molesting his step-child, had attempted suicide, and had received related counseling.

During the course of David and Vicki's custody battle, David and William became involved in a small claims litigation stemming from a scuffle between the two outside of William's home. After William indicated his intention to call David and Vicki's children as witnesses in the small claims proceeding, David filed a motion for a protective order seeking to protect his children from William. In this motion, David alleged that William had a history of controlling children, was a convicted child molester, was obsessive compulsive, could not distinguish the best interests of children, and was attempting to alienate the children from their natural father. Record at 129. David also filed a motion for discovery and continuance in which he made similar allegations. R. at 131. During a hearing on the two motions, David further referenced William's mental health and medical records. R. at 158–160.

As a result, William and Vicki filed an action against David alleging, among other things, invasion of privacy, intentional infliction of emotional distress and loss of consortium.[1] David filed several counterclaims.

---

1. William and Vicki's complaint also named St. Francis Hospital Center, who had released William's medical file to David, as a defendant. Specifically, William and Vicki alleged: 1) violation of the Rights of Persons Being Treated for Mental Illness or Developmental Disabilities statute and the Access to Health Records statute; 2) breach of the physician-patient privilege; 3)

Following a hearing, the trial court granted summary judgment in favor of David on William and Vicki's claims and in favor of William and Vicki on David's counterclaims. On appeal, this court affirmed the trial court's grant of summary judgment on all claims except invasion of privacy, intentional infliction of emotional distress and loss of consortium. *See Watters v. Dinn*, 633 N.E.2d 280 (Ind.Ct.App.1994), *trans. denied.* On these issues, we remanded to the trial court for further proceedings. *Id.*

Subsequently, on February 7, 1995, David filed for summary judgment on the remaining claims. In support of his motion, David filed a memorandum and designated William and Vicki's complaint and his own affidavit, to which he attached several exhibits, including the motions he filed with the small claims court. The trial court again held a hearing on David's motion and again granted summary judgment for David.

### DISCUSSION AND DECISION

#### I. Standard of Review

■ Summary judgment is appropriate only when no controversy exists. *O'Neal v. Throop*, 596 N.E.2d 984, 986 (Ind.Ct.App. 1992), *trans. denied.* In reviewing the propriety of the grant of summary judgment, this court applies the same standard as the trial court. *Id.* The party seeking summary judgment has the initial burden of demonstrating no genuine issue of material fact exists and he or she is entitled to judgment as a matter of law. Ind.Trial Rule 56(C); *Whiteco Indus., Inc. v. Nickolick*, 571 N.E.2d 1337, 1339 (Ind.Ct.App.1991), *trans. denied.* Once the movant presents pleadings, depositions, answers to interrogatories, admissions, or affidavits showing he or she is entitled to summary judgment, the non-movant must set forth specific facts establishing a genuine issue of material fact. *Ogden Estate v. Decatur County Hosp.*, 509 N.E.2d 901, 902 (Ind. Ct.App.1987), *trans. denied.* Any doubt as to a fact, or an inference to be drawn therefrom, is resolved in favor of the nonmoving

party. *Bischoff Realty, Inc. v. Ledford*, 562 N.E.2d 1321, 1323 (Ind.Ct.App.1990).

#### II. Invasion of Privacy

■ First, William and Vicki contend the trial court erred in granting David's motion for summary judgment on their claim for invasion of privacy. Specifically, William and Vicki argue that this court's decision in *Watters*, 633 N.E.2d 280, in which they believe we held that genuine issues of material fact existed regarding their claim for invasion of privacy, established the law of the case such that summary disposal of this issue was inappropriate. Under the law of the case doctrine, an appellate court's determination of a legal issue is binding on the trial court on remand and on an appellate court on subsequent appeal if it involves the same case and substantially the same facts. *Horine v. Greencastle Production Credit Ass'n*, 505 N.E.2d 802, 804 (Ind.Ct.App.1987), *trans. denied.*

■ Initially, we note that contrary to William and Vicki's assertions, this court did not reverse summary judgment on the claim of invasion of privacy because of the existence of genuine issues of material fact; rather, we reversed because we found that David had failed to file a motion for summary judgment on this issue and had failed to designate any evidence in support of such a motion. *Id.* at 291. Any discussion of the existence of genuine issues of material fact, therefore, was unnecessary to this court's determination and constituted dicta. *See Koske v. Townsend Engineering Co.*, 551 N.E.2d 437, 443 (Ind.1990) (statements not necessary in determination of issue presented are dicta; they are not binding and do not become the law of the case). Nonetheless, even had this court determined summary judgment to be inappropriate on the invasion of privacy claim due to the existence of genuine issues of material fact, David filed additional materials, including his affidavit, in the trial court in support of his current motion for summary judgment that he had not filed

abuse of process; 4) invasion of privacy; 5) intentional infliction of emotional distress; and 6) loss of consortium. However, the trial court granted summary judgment in favor of St. Fran-

cis on all claims against it, which we affirmed on appeal in *Watters v. Dinn*, 633 N.E.2d 280 (Ind. Ct.App.1994), *trans. denied.* Thus, St. Francis is not a party to this appeal.

with his previous motion. R. at 125.[2] Where the facts supporting a current motion differ from those supporting a previous motion, the law of the case doctrine does not preclude the trial court from ruling on the current motion. *See Horine*, 505 N.E.2d at 804. Thus, because the facts in David's current motion for summary judgment differ from those before the court on his previous motion, our prior decision is no longer the law of the case and the trial court was entitled to grant David's motion for summary judgment.

■ Having determined that the trial court was entitled to grant summary judgment, we now consider whether its grant of summary judgment on William and Vicki's invasion of privacy claim was appropriate. This court has recognized four distinct strands of invasion of privacy: 1) unreasonable intrusion upon the seclusion of another; 2) appropriation of the other's name or likeness; 3) unreasonable publicity given to the other's private life; and 4) publicity that unreasonably places the other in a false light before the public. *Doe v. Methodist Hosp.*, 639 N.E.2d 683, 685 (Ind.Ct.App.1994). William and Vicki allege that David publicly disclosed private facts, specifically, William's mental health status. *Watters*, 633 N.E.2d at 290.[3] Thus, to support their claim for invasion of privacy, William and Vicki had the burden to prove: 1) information was divulged to one who had no legitimate interest in the information; 2) in a manner that was coercive and oppressive; and 3) which would be highly offensive and objectionable to a reasonable person of ordinary sensibilities. *Id.*

■ In the instant case, the evidence designated by the parties reveals that William and Vicki's claim for invasion of privacy fails to meet the first element, which requires that private facts be publicly divulged to one with no legitimate interest in the information. Although David divulged private facts, he did so in connection with his small claims proceeding against William. Statements made in the course of judicial proceedings are absolutely privileged unless such statements are not relevant and pertinent to the litigation or do not bear some relation thereto. *Id.* at 291. To be privileged, the statement must be legitimately related to the litigation, or so pertinent to the subject of the controversy that it may become the subject of inquiry during the course of trial. *Id.* at 292. Whether a particular statement is relevant and pertinent to the litigation is purely a legal determination for the court. *Id.*

■ Here, the undisputed evidence reveals that, in an effort to prevent William from calling David's children as witnesses in the small claims proceeding, David filed for a protective order in which he alleged that William had a history of controlling children, as evidenced by his conviction for child molesting. David also filed a motion for discovery with the small claims court, to which he attached affidavits from William's former wives further supporting David's contention that William had a history of attempting to control children. Thus, whether William should be permitted to call David's children as witnesses is legitimately related to the proceeding and could become a subject of inquiry in the course of trial. As a result, David's oral and written statements to the court are privileged and cannot support a claim for public disclosure of private facts. *See id.* David, therefore, was entitled to summary judgment on William and Vicki's claim for invasion of privacy.

### III. Intentional Infliction of Emotional Distress

■ Next, William and Vicki argue that the trial court erred in granting David's motion for summary judgment on their claim for intentional infliction of emotional distress.

---

2. William and Vicki contend that David filed no new materials in support of his current motion for summary judgment that were not before the trial and appellate courts pursuant to his first motion for summary judgment. Appellant's Brief at 3. However, our prior opinion clearly states that David did not file a motion for summary judgment on the invasion of privacy claim, nor did he designate any materials in support of such a motion. *Watters*, 633 N.E.2d at 291. Here, the record shows that David filed his affidavit, among other materials, in support of his current motion for summary judgment.

3. The Watters' original complaint is not included in the record of proceedings.

Again, William and Vicki contend that this court's previous decision, in which we found the existence of genuine issues of material fact, set forth the law of the case and precluded the trial court's grant of summary judgment. In our prior opinion, we held:

Despite David's contention that he obtained William's records solely to protect his children, the undisputed evidence discloses that David referred to William's mental condition in litigation unrelated to David's custody dispute with Vicki. William's mental health was irrelevant in these other court proceedings. *See* Issue Four. Considered together with the evidence of animosity between David and William, we conclude that a genuine issue of material fact exists concerning David's intent to harm William emotionally.

*Watters,* 633 N.E.2d at 292. Although in our prior decision we found that William's mental health was irrelevant, here, primarily on the basis of David's undisputed affidavit which was not available to the court in the prior case, we have determined that David's oral and written statements were relevant to the small claims proceeding. *See* Issue II. Thus, the facts supporting David's current motion for summary judgment on the issue of the intentional infliction of emotional distress differ from those in support of his previous motion. Therefore, the law of the case doctrine did not preclude the trial court from granting David's motion for summary judgment. *See Horine,* 505 N.E.2d at 804.

In addition to circumventing the law of the case doctrine, our determination that David's statements were relevant to the small claims proceeding also precludes William and Vicki's use of those statements to support their claim for intentional infliction of emotional distress. As we stated above, statements made in the course of judicial proceedings are privileged. *See Watters,* 633 N.E.2d at 291. As a result, David's motions and discussions with the small claims court cannot give rise to tort liability and David is entitled to summary judgment on William and Vicki's claim.

Even if David's statements are not privileged, the evidence most favorable to the nonmovants, William and Vicki, reveals that they have failed to prove one of the necessary elements of intentional infliction of emotional distress. Our Supreme Court has defined this tort as: one who by extreme and outrageous conduct intentionally or recklessly causes severe emotional distress to another is subject to liability for such emotional distress. *Cullison v. Medley,* 570 N.E.2d 27, 31 (Ind.1991). The intent to harm one emotionally forms the basis for this tort. *Id.* Here, the evidence reveals that David's motivation for revealing William's mental health history was to prevent William from calling David's children as witnesses in the small claims proceeding. While we may question the extent to which David assailed William in his motions and argument to the small claims court, David's undisputed legitimate motive of protecting his children belies William's assertion that David acted with the sole intent to harm him. Thus, we affirm the trial court's grant of summary judgment on William and Vicki's claim for intentional infliction of emotional distress.

### IV. Loss of Consortium

Finally, William and Vicki challenge the trial court's grant of summary judgment on Vicki's claim for loss of consortium. They concede, however, that a claim for loss of consortium is derivative in nature and its viability depends upon the validity of the injured spouse's claims. *See Nelson v. Denkins,* 598 N.E.2d 558, 563 (Ind.Ct.App.1992). Having determined that David is entitled to summary judgment on William and Vicki's invasion of privacy and intentional infliction of emotional distress claims, we must also find that Vicki's claim for loss of consortium fails. Thus, we affirm summary judgment on Vicki's claim for loss of consortium.

Judgment affirmed.

ROBERTSON, J., concurs.

SULLIVAN, J., dissents with separate opinion.

SULLIVAN, Judge, dissenting.

In the earlier appeal between these same parties and with regard to the same issues, this court stated: "[A] genuine issue of ma-

terial fact exists concerning whether David publicly divulged William's mental health history." 633 N.E.2d at 292. With regard to the particular claim of intentional infliction of emotional distress, the court stated: "[T]he undisputed evidence discloses that David referred to William's mental condition in litigation unrelated to David's custody dispute with Vicki. William's mental health was irrelevant in these other court proceedings.... Considered together with the evidence of animosity between David and William, we conclude that a genuine issue of material fact exists...." *Id.*

David's affidavit was not filed in support of his Motion for Summary Judgment at the time of the trial court's initial determination. Even assuming for the sake of argument that its subsequent filing reflects "new facts", thus permitting reconsideration of the motion for summary judgment,[4] such does not justify the judgment. Notwithstanding David's affidavit stating that he "filed no documents making any reference whatsoever to William Watters' mental health history [and that he] never made any oral statement to the judge or anyone else concerning William Watters' mental health history," (Record at 127–128) the affidavit of Watters is to the contrary. The latter states that "Mr. Dinn made specific reference to my mental health by referring to the records that he had obtained from St. Francis Hospital [and that he] used the specific terms and language from those reports such as stating that I was diagnosed as having 'obsessive-compulsive' disorder, that I was taking controlled substances prescribed to treat any mental condition, and other comments taken directly from the mental health records which concerned my mental health status." Record at 158–159.

At a minimum, the respective statements are subject to conflicting inferences. While some or a portion of David's filings and statements might be construed as bearing upon whether Watters had a negative attitude and relationship to children, certain other information allegedly divulged in the small claims action might be considered to be irrelevant and intended to cause emotional distress, given the animosity between the two men.

I would reverse the summary judgment as to all three remaining claims and would remand for further proceedings.

**4.** See *Herrell v. Casey* (1993) Ind.App., 609 N.E.2d 1145; *Krieger v. Ownership Corp.* (1959)