**DECKARD REALTY & DEVELOPMENT, Appellant–Plaintiff,**

v.

**Chad LYKINS, Tony Erzen, Josh Long & Marc McDonald, Appellees–Defendants.**

No. 53A01–9707–CV–227.

Court of Appeals of Indiana.

Dec. 15, 1997.

Rehearing Denied Feb. 11, 1998.

Herbert L. Kilmer, Bloomington, for Appellant–Plaintiff.

John M. Irvine, Student Legal Services, Bloomington, for Appellees–Defendants.

## OPINION

BAKER, Judge.

Appellant-plaintiff Deckard Realty & Development (Deckard) appeals the trial court's grant of summary judgment in favor of appellees-defendants Chad Lykins, Tony Erzen, Josh Long and Marc McDonald (tenants). Specifically, Deckard argues that the trial court improperly determined that Deckard's knowledge of the address of one of the tenants, which was written down by Deckard's employee four months before the commencement of the lease, was sufficient notice of the tenants' forwarding addresses under Indiana's Security Deposits Statute.[1]

### FACTS [2]

On April 3, 1995, the tenants, who were students at Indiana University, submitted an application to rent a house from Deckard. At that time, the lease agent for Deckard wrote down the address of one of the tenants, Tony Erzen, and placed it in the rental file. The next day, the tenants entered into an agreement with Deckard to lease the house from August 2, 1995, to July 31, 1996. The lease was secured by an $850 deposit. On August 1, 1995, the tenants took possession of the house.

During an inspection of the premises on June 11, 1996, Deckard discovered that mari-

---

1. Ind.Code §§ 32–7–5–1 to 32–7–5–19.

2. The tenants' request for oral argument is denied.

juana was being grown throughout the house. After contacting the Bloomington Police Department, Deckard left the tenants a note, informing them to vacate the premises immediately. The tenants moved out of the house on June 13, 1996.

Approximately three months later, on September 6, 1996, Deckard filed a complaint against the tenants in small claims court, requesting $2,582.26 for damages, clean-up, court costs and unpaid rent. Deckard then successfully served each of the tenants with its complaint at Erzen's address. Thereafter, the tenants moved for summary judgment, arguing that Deckard was precluded from collecting damages and was required to return their security deposit because it did not deliver a written notice of the itemized damages to be deducted from their security deposit within forty-five days of the termination of the lease, as required by Indiana's Security Deposit Statute. In response, Deckard argued that the tenants never provided written notice of their forwarding addresses. Following a hearing, the trial court granted the tenants' motion for summary judgment and ordered Deckard to return their $850 security deposit. Deckard now appeals.

## DISCUSSION AND DECISION

The sole issue presented for our review is whether Deckard's knowledge of Erzen's address, which was written down by Deckard's employee four months before the commencement of the lease, was adequate notice of the tenants' forwarding addresses under Indiana's Security Deposit Statute. According to Deckard, this notice was insufficient because the tenants failed to provide the address in writing or for the purpose of mailing them a list of itemized damages and the remainder of their security deposit.

■ Initially, we note our standard of review. In reviewing the propriety of the grant of summary judgment, we apply the same standard as the trial court. *Watters v. Dinn*, 666 N.E.2d 433, 436 (Ind.Ct.App.1996). The party seeking summary judgment has the initial burden of demonstrating that no genuine issue of material fact exists and that he is entitled to judgment as a matter of law. *Id.* Once the movant presents pleadings, depositions, answers to interrogatories, admissions or affidavits showing that he is entitled to summary judgment, the non-movant must set forth specific facts establishing a genuine issue of material fact. *Id.* We resolve any doubt as to any fact, or inference to be drawn therefrom, in favor of the party opposing summary judgment. *Id.*

■ Pursuant to IND.CODE § 32–7–5–12, a landlord may retain a tenant's security deposit to pay for accrued rent, damages suffered by the landlord as a result of a tenant's noncompliance with the law or the rental agreement and unpaid utility or sewer fees which are chargeable to the tenant. In order to retain the deposit or make a claim for other damages, however, the landlord must provide the tenant with an itemized list of the damages claimed and the remainder, if any, of the security deposit within forty-five days of the termination of the rental agreement and delivery of possession. I.C. §§ 32–7–5–12(a)(3) and 14; *Chasteen v. Smith*, 625 N.E.2d 501, 502 (Ind.Ct.App.1993). Failure to provide such notice within forty-five days constitutes an agreement by the landlord that no damages are due. I.C. § 32–7–5–15. In such a situation, the landlord is prohibited from making a claim for any "other damages" and must return the entire security deposit to the tenant. *Id.*; *Duchon v. Ross*, 599 N.E.2d 621, 625 (Ind.Ct.App.1992).

We recently examined the rationale behind this forty-five day notice requirement in *Raider v. Pea*, 613 N.E.2d 870 (Ind.Ct.App. 1993). In *Raider*, we noted that the notice requirement, as a time limitation, protects tenants from unreasonable delays by their landlords in resolving claims against their security deposits. *Id.* at 872. Further, by requiring the landlord to specifically justify its deductions in an itemized list of damages, the statute prevents landlords from unjustly retaining a tenant's security deposit without explanation. *Id.* at 873.

■ As we explained in *Raider*, however, the legislature also recognized that the goals of timely and documented notice cannot be achieved when the landlord does not possess the tenant's mailing address in order to deliver the required notice. *Id.* As a result, a landlord is not liable for failing to comply with the notice requirements of the statute "until supplied by the tenant in writing with a mailing address to which to deliver the notice and amount prescribed by this subsection." I.C. § 32–7–5–12(a). "Supplied" means to "provide or deliver the mailing address to the landlord." *Raider*, 613 N.E.2d at 873. Therefore, in order to establish a landlord's liability under this section, a tenant must show that he provided the landlord with a written record of an address, which was intended to be his forwarding address.

■ Here, we initially note that, although the designated evidence reveals that Deckard had Erzen's address in its file, nothing in the evidence reveals that it possessed the other tenants' addresses. Although these tenants eventually received notice of Deckard's lawsuit after it sent its complaint to Erzen's address, nothing in the record indicates that the other tenants intended, or were likely, to receive notice at this location. Additionally, nothing in the record reveals that they provided Deckard with alternative forwarding addresses. As a result, we must conclude that these three tenants did not supply Deckard with a written record of their forwarding address, as required by the Security Deposits Statute. Thus, the trial court erred in entering summary judgment in their favor.

■ With regard to Erzen, however, the record clearly indicates, and Deckard admits, that it had his address four months before the commencement of the lease. Although Deckard contends that this address was insufficient because it was not provided in Erzen's handwriting, we disagree. The purpose of the writing requirement is to ensure that the landlord receives a tangible record of the tenant's mailing address. In the present case, whether written by Erzen or its employee, Deckard was provided with such a record. As a result, the evidence clearly indicates that Erzen provided Deckard with a written record of his address.

■ However, the evidence is conflicting with regard to whether this address was intended to be Erzen's forwarding address. For example, the evidence reveals that the address, which was written on a post-it note four months prior to the commencement of the lease, did not indicate whether it was a permanent address or whether it was valid after the termination of the lease. Further, nothing in the evidence indicates that Erzen informed Deckard that it should send a notice of damages and his security deposit to this location. On the other hand, Deckard successfully served Erzen with his complaint at this address. Given the fact that the post-it note appears to indicate that the address was also Erzen's father's address, a trier-of-fact could reasonably conclude that this was Erzen's forwarding address. Given this conflicting evidence, we must conclude that a genuine issue of material fact exists with regard to whether the address supplied to Deckard was Erzen's forwarding address. As a result, the trial court erred in granting summary judgment for Erzen.[3]

Reversed and remanded for proceedings consistent with this opinion.

ROBERTSON and SHARPNACK, JJ., concur.

---

**3.** The tenants also argue that Deckard cannot recover on its claim because it failed to provide an itemized list of damages. As previously stated, however, a landlord is not liable for failing to itemize its damages until the tenant has supplied the landlord with an address to deliver the required notice. Thus, if the trial court determines on remand that Erzen failed to supply Deckard with a forwarding address, Deckard would not be liable for failing to provide such a list.