**Becky J. LEDBETTER,**
**Appellant–Plaintiff,**

v.

**Edward J. ROSS, and Indiana Health**
**Group, Inc., Appellees–**
**Defendants.**

No. 49A04–9907–CV–311.

Court of Appeals of Indiana.

March 15, 2000.

David Hurley, Indianapolis, Indiana, Attorney for Appellant.

Karl L. Mulvaney, Nana Quay–Smith, Mary H. Watts, Candace L. Sage, Bingham Summers Welsh & Spilman, Indianapolis, Indiana, Attorneys for Appellees Indiana Health Group, Inc.

Charles W. Linder, Jr., Sharon L. Wright, Linder & Hollowell, Indianapolis, Indiana, Attorneys for Appellee Edward J. Ross.

## OPINION

BAKER, Judge

Appellant-plaintiff Becky J. Ledbetter appeals the trial court's grant of dismissal to appellees-defendants Edward J. Ross

and Indiana Health Group, Inc. (Indiana Health). Specifically, she maintains that she stated sufficient facts to establish claims of invasion of privacy and intentional infliction of emotional distress, and thus the trial court should not have granted a dismissal based upon failure to state a claim for which relief can be granted.

## FACTS

The facts most favorable to Ledbetter reveal that she was a contract beneficiary of a health insurance policy provided by the Prudential Insurance Company (Prudential), and administered by CMG Health (CMG). She received individual counseling from David Dean, a licensed psychologist practicing in Anderson, Indiana. During the same time period, her then-husband received individual therapy from Ross, a licensed social worker at Indiana Health Group, Inc. (Indiana Health). On August 14 or 15, 1995, Ledbetter received a telephone call from an individual who identified himself as Ross and informed her that he had received confidential information concerning her therapy with David Dean from a representative of CMG. The caller then stated, in some detail, the information he had received.

On August 7, 1997, Ledbetter filed her complaint against Ross and Indiana Health, alleging invasion of privacy and intentional infliction of emotional distress. She asserted other causes of action against CMG and Prudential, but she later filed a joint motion to dismiss those defendants. The motion was granted on November 25, 1998.

Ledbetter commenced her cause of action against Indiana Health because Ross was an employee, agent, servant, or otherwise affiliated with and/or associated with Indiana Health. She further alleges that at all times relevant to the present action, Ross was acting within the scope of his apparent authority or agency with Indiana Health.

On November 13, 1998, Ross filed his motion to dismiss, and on November 16, 1998, Indiana Health filed its motion to dismiss. Both were based on Ind. Trial Rule 12(B)(6), failure to state a claim for which relief can be granted, and T.R. 12(B)(1), the trial court's lack of jurisdiction to hear Ledbetter's complaint.[1] Following a hearing on the motions to dismiss, the trial court granted both motions on February 19, 1999. Ledbetter filed a motion to correct errors on March 22, 1999, which the trial court denied on March 24, 1999. Ledbetter now appeals.

## DISCUSSION AND DECISION

### I. Standard of Review

When reviewing the dismissal of a complaint for failure to state a claim under T.R. 12(B)(6), this court views the pleadings in a light most favorable to the plaintiff and draws every reasonable inference in favor of the plaintiff. *Ratliff v. Cohn*, 693 N.E.2d 530, 534 (Ind.1998). Dismissal under T.R. 12(B)(6) will be affirmed on appeal when a complaint states a set of facts and circumstances which, even if true, would not support the relief requested. *Minks v. Pina*, 709 N.E.2d 379, 381 (Ind.Ct.App.1999). The trial court's dismissal of an action will be affirmed if the judgment is sustainable on any theory or basis found in the record. *Id.*

### II. Invasion of Privacy Claim

Ledbetter first argues that she presented facts sufficient to establish a claim for invasion of privacy. Specifically, she maintains that one telephone call and its ramifications can be as intrusive as a physical intrusion, and that Ross transmitted her medical information to her in a "coercive

---

1. Lack of jurisdiction was based on the fact that Ledbetter had failed to secure an opinion from a medical review panel pursuant to the Indiana Medical Malpractice Act. Because we resolve this issue based upon failure to state a claim, we do not address the application of T.R. 12(B)(1).

and oppressive" manner. R. 17–18. She further alleges that Ross and Indiana Health had no legitimate interest in the information.

■ The tort of invasion of privacy may take one of four forms in Indiana: public disclosure of private facts, intrusion, appropriation, and false light in the public eye. *Watters v. Dinn*, 666 N.E.2d 433, 437 (Ind.Ct.App.1996). Ledbetter argues that one of two forms occurred in this case: public disclosure of private facts or intrusion.

■ To establish a claim for public disclosure of private facts, the plaintiff must demonstrate: (1) private information was publicly divulged; (2) to persons who had no legitimate interest in the information; (3) in a manner that was coercive and oppressive; and, (4) such information would be highly offensive and objectionable to a reasonable person of ordinary sensibilities. *Pohle v. Cheatham*, 724 N.E.2d 655, 659 (Ind.Ct.App.2000).

■ In this case, Ledbetter has failed to state facts which would support a claim of public disclosure. She asserts no disclosure of private facts to anyone other than herself. If one tells only one listener facts which the listener already knows, there is no public disclosure of those facts. Ledbetter is not a person who "has no legitimate interest in the information" that Ross allegedly divulged to her. *See id.*

■ To establish a claim for invasion of privacy by intrusion, in contrast, one must demonstrate that there was an "intrusion upon the plaintiff's physical solitude or seclusion, as by invading his home or other quarters...." W. Page Keeton et al., Prosser and Keeton on the Law of Torts, § 117 at 854 (5th ed.1984). To rise to the level of tortious conduct, "the intrusion must be something which would be offensive or objectionable to a reasonable person." *Id.* at 855.

■ In the instant case, Ledbetter asserts that a single phone call can be as intrusive as an actual physical intrusion. However, she cites to no case, and we find none, in which a claim of intrusion was proven without physical contact or invasion of a physical space such as the plaintiff's home. For example, we held recently, as a matter of law, that there was no actionable intrusion where a defendant opened a plaintiff's car door while plaintiff sat in the car, reached behind the driver's seat and grabbed a bottle on the car floor, without making physical contact with the plaintiff. *Terrell v. Rowsey*, 647 N.E.2d 662, 667 (Ind.Ct.App.1995), *trans denied.* Our supreme court has found that invasion of a person's home can constitute a claim for evasion, but outright harassment in a restaurant or on a public street does not. *Cullison v. Medley*, 570 N.E.2d 27, 31 (Ind.1991).

■ Ledbetter asserts, without offering any supporting facts, that the alleged intrusion was offensive or objectionable to a reasonable person. She does not allege that Ross used abusive language or threatened her. We find that, as a matter of law, a single telephone call, involving no threats or abusive language, cannot be the basis for invasion of privacy by intrusion. We conclude, for all of these reasons, that the trial court did not err in dismissing Ledbetter's complaint for invasion of privacy, both in the form of public disclosure of facts and intrusion.

### III.  Intentional Infliction of Emotional Distress

Ledbetter next claims that Ross intentionally inflicted emotional distress upon her by making his telephone call. She maintains that the facts which she has alleged suffice to withstand a motion to dismiss.

■ Intentional infliction of emotional distress is committed by "one who by extreme and outrageous conduct intentionally or recklessly causes severe emotional distress to another...." *Cullison v. Medley*, 570 N.E.2d 27, 31 (Ind.1991).

The intent to harm emotionally constitutes the basis for the tort of an intentional infliction of emotional distress. *Id.* However, the requirements to prove this tort are "rigorous." KEETON ET AL., § 12 at 61. Intentional infliction of emotional distress is found where there is "conduct exceeding all bounds usually tolerated by a decent society [and causing] mental distress of a very serious kind." *Id.*

In the instant case, Ledbetter points to no facts or inferences to be drawn therefrom which suggest that Ross telephoned her with the intent to harm her emotionally, or that his conduct was extreme and outrageous, or that he intentionally or recklessly caused severe emotional distress, or that she suffered mental distress of a serious kind. She merely asserts that she has pled the cause with sufficient facts. The facts reveal only that Ross communicated information which Ledbetter's insurance company apparently provided him without her permission. She may have a different cause of action against her own insurance company, but she has failed to present cogent argument and citation to relevant authority in support of her contention that Ross intentionally caused her emotional distress. Indiana App. R. 8.3(A)(7). Thus, Ledbetter has waived the issue.

### CONCLUSION

For all of the above reasons, we conclude that the trial court did not err in dismissing Ledbetter's claims of invasion of privacy and intentional infliction of emotional distress.

Judgment affirmed.

SULLIVAN, J., and STATON, J., concur.