**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
In The Court of Appeals

Sherrie Mann McBride, Appellant,

v.

School Distict of Greenville County, Respondent.

Appellate Case No. 2011-194866

———————————

Appeal From Greenville County
C. Victor Pyle, Jr., Circuit Court Judge
Edward W. Miller, Circuit Court Judge

———————————

Unpublished Opinion No. 2013-UP-430
Heard October 8, 2013 – Filed November 20, 2013

———————————

**AFFIRMED**

———————————

Katherine Carruth Goode, of Winnsboro, for Appellant.

N. Heyward Clarkson, III, and John D. Harjehausen, both of Clarkson Walsh Terrell & Coulter, PA, of Greenville, for Respondent.

———————————

**PER CURIAM:** In this civil action, Appellant Sherrie McBride argues the trial court erred in: (1) allowing Respondent School District of Greenville County (District) to amend its answer to assert qualified privilege and immunity as affirmative defenses prior to the 2011 trial; (2) granting the District's motion for a

directed verdict as to McBride's abuse of process cause of action; (3) granting the District's motion for a directed verdict as to McBride's defamation cause of action; (4) denying her due process by excluding relevant evidence and preventing her from fully presenting evidence; and (5) adopting the prior trial testimony of Nancy Mann as reconstruction of her testimony in this trial. We affirm.

1.      We hold the trial court did not err in allowing the District to amend its answer. A trial court is to freely grant leave to amend when justice requires and there is no prejudice to the other party. Rule 15, SCRCP. A motion to amend is addressed to the sound discretion of the trial court, and the party opposing the motion has the burden of establishing prejudice. *Harvey v. Strickland*, 350 S.C. 303, 313, 566 S.E.2d 529, 535 (2002). The prejudice that would warrant denial of a motion to amend the pleadings is a lack of notice that a new issue is to be tried and a lack of opportunity to refute it. *Collins Entm't, Inc. v. White*, 363 S.C. 546, 562, 611 S.E.2d 262, 270 (Ct. App. 2005). McBride claims she suffered prejudice due to the close proximity of the amendment of the answer and the trial date; however, the District served McBride with notice of the amendment more than two months before trial. Furthermore, immediately after the trial court allowed the District to amend its answer, McBride insisted on going forward with the trial the next week even though the trial court offered to delay the trial to a date months later. A party cannot complain of error her own conduct has induced. *Erickson v. Jones St. Publishers, L.L.C.*, 368 S.C. 444, 476, 629 S.E.2d 653, 670 (2006).

2.      We hold the trial court did not err in directing a verdict for the District on the abuse of process cause of action. In reviewing a grant of a directed verdict, this court adopts the same standard as the trial court. *Burnett v. Family Kingdom, Inc.*, 387 S.C. 183, 188, 691 S.E.2d 170, 173 (Ct. App. 2010). When this court reviews a grant of a directed verdict, the evidence and all reasonable inferences therefrom must be viewed in the light most favorable to the non-prevailing party. *Davis v. Tripp*, 338 S.C. 226, 238, 525 S.E.2d 528, 534 (Ct. App. 1999). A directed verdict should not be granted unless only one reasonable inference can be drawn from the evidence. *Garrett v. Locke*, 309 S.C. 94, 98, 419 S.E.2d 842, 845 (Ct. App. 1992). "If the evidence is susceptible to more than one reasonable inference, the case should be submitted to the jury." *Quesinberry v. Rouppasong*, 331 S.C. 589, 594, 503 S.E.2d 717, 720 (1998). "The tort of abuse of process consists of two elements: an ulterior purpose, and a willful act in the use of the process that is not proper in the regular conduct of the proceeding." *Swicegood v. Lott*, 379 S.C. 346, 351-52, 665 S.E.2d 211, 213 (Ct. App. 2008). This court held the evidence presented in the 2007 trial gave rise to a jury question on the abuse of process cause of action. *McBride v. Sch. Dist. of Greenville Cnty.*, 389 S.C. 546, 565, 698

S.E.2d 845, 855 (Ct. App. 2010).  We recognize discrepancies in the evidence presented in the 2007 trial and the 2011 trial.  During the 2007 trial, student John Doe testified that school resource officer Daniel Oslager pressured Doe into implicating McBride in illegal activity.  This testimony, combined with testimony regarding phone calls between Oslager and Berea High School Principal William Roach, merited the abuse of process claim going to the jury.  *McBride*, 389 S.C. at 565, 698 S.E.2d at 855.  Unlike the 2007 trial, the 2011 trial did not feature any evidence regarding Oslager pressuring Doe into implicating McBride in illegal activity.  There was no other evidence in the 2011 trial giving rise to a jury issue on this cause of action.  Therefore, we agree with the trial court that the District was entitled to a directed verdict on McBride's claim for abuse of process.

3.      We hold the trial court did not err in directing a verdict for the District on the defamation claim.  To prove defamation, a plaintiff must show: "(1) a false and defamatory statement was made; (2) the unprivileged publication of the statement to a third party; (3) the publisher was at fault; and (4) either the statement was actionable irrespective of harm or the publication of the statement caused special harm."  *Williams v. Lancaster Cnty. Sch. Dist.*, 369 S.C. 293, 302-03, 631 S.E.2d 286, 292 (Ct. App. 2006).  "The publication of a statement is defamatory if it tends to harm the reputation of another as to lower him in the estimation of the community or to deter third persons from associating or dealing with him."  *Fleming v. Rose*, 350 S.C. 488, 494, 567 S.E.2d 857, 860 (2002).  In a defamation action, the defendant may assert the affirmative defense of qualified privilege.  *Murray v. Holnam, Inc.*, 344 S.C. 129, 139, 542 S.E.2d 743, 748 (Ct. App. 2001).  "Where the occasion gives rise to a qualified privilege, there is a prima facie presumption to rebut the inference of malice, and the burden is on the plaintiff to show actual malice or that the scope of the privilege has been exceeded."  *Swinton Creek Nursery v. Edisto Farm Credit, ACA*, 334 S.C. 469, 485, 514 S.E.2d 126, 134 (1999).  "Communications between officers and employees of a corporation are qualifiedly privileged if made in good faith and in the usual course of business."  *Murray*, 344 S.C. at 141, 542 S.E.2d at 749.  Roach's statement to Cochran that McBride "cleaned us out" was qualifiedly privileged.  Roach was an employee of the District and made the alleged statement to another District employee, Cochran.  Roach's job as school principal included the management of teachers and school facilities.  An inquiry into the location of school property fell under Roach's usual course of business, as did an inquiry into whether McBride had taken school property.  A statement made in connection with an employer's bona fide inquiry into possible employee misconduct is qualifiedly privileged.  *Wright v. Sparrow*, 298 S.C. 469, 474, 381 S.E. 2d 503, 507 (Ct. App. 1989).

4.     We hold the trial court did not abuse its discretion in excluding evidence and preventing McBride from fully presenting evidence.  A trial court has broad discretion in its supervision over the progression and disposition of a case in the interests of justice and judicial economy.  *Capital City Ins. Co. v. B.P. Staff, Inc.*, 382 S.C. 92, 103, 674 S.E.2d 524, 530 (Ct. App. 2009).  "To warrant reversal based on the admission or exclusion of evidence, the complaining party must prove both the error of the ruling and the resulting prejudice."  *State v. Douglas*, 367 S.C. 498, 508, 626 S.E.2d 59, 64 (Ct. App. 2006).  McBride alleges the trial court erred in excluding Cochran's testimony on complaints at the school; however, Cochran was permitted to testify about these matters.  Additionally, the trial court did not abuse its discretion in limiting the scope of McBride's redirect examination of Oslager.  *See State v. Stroman*, 281 S.C. 508, 513, 316 S.E.2d 395, 399 (1984) ("The scope of redirect rests in the discretion of the trial court.").  Furthermore, McBride failed to make a proffer of any excluded evidence, and this court cannot consider the alleged errors.  *See State v. Simmons*, 360 S.C. 33, 46, 599 S.E.2d 448, 454 (2004) (holding the failure to make a proffer of excluded evidence will preclude review on appeal).

5.     We hold the trial court did not abuse its discretion in adopting Nancy Mann's 2007 testimony as an accurate reconstruction of her 2011 testimony.  The trial court has discretion in determining how to reconstruct missing portions of a transcript; however, this discretion must lie within the limits required by procedural due process.  *Adams v. H.R. Allen, Inc.*, 397 S.C. 652, 658, 726 S.E.2d 9, 13 (Ct. App. 2012).  "Procedural due process requirements are not technical; no particular form of procedure is necessary.  The United States Supreme Court has held, however, that at a minimum certain elements must be present.  These include (1) adequate notice; (2) adequate opportunity for a hearing; (3) the right to introduce evidence; and (4) the right to confront and cross-examine witnesses."  *In re Dickey*, 395 S.C. 336, 360, 718 S.E.2d 739, 751 (2011) (quoting *In re Vora*, 354 S.C. 590, 595, 582 S.E.2d 413, 416 (2003)).  Here the limits required by procedural due process were met.  A hearing was held on the matter of Mann's missing 2011 testimony and both parties provided witnesses who testified on the content of that testimony.  Each side had the opportunity to cross-examine all of the witnesses and the witnesses presented conflicting accounts of Mann's testimony.  The trial judge noted that, while he could not exactly recall the testimony, he believed the proposed testimony offered by McBride was not accurate.  The trial court deemed Mann's 2007 testimony as the best evidence of Mann's 2011 testimony; consequently, the court adopted Mann's 2007 testimony as an accurate reconstruction of the missing portion of the record.

**AFFIRMED.**

**SHORT, WILLIAMS, and THOMAS, JJ., concur.**